[No. 31046-5-II.   Division Two.   September 1, 2004.]

In the Matter of the Personal Restraint of AMANDHLA WASHINGTON, *Petitioner*.

*Amandhla Washington*, pro se.

*Christine O. Gregoire, Attorney General*, and *John J. Samson, Assistant*, for respondent.

¶1 ARMSTRONG, J. — Amandhla Washington seeks relief from the Department of Corrections' decision that he was ineligible to accrue early release time up to 50 percent of his sentence under former RCW 9.94A.728(1)(b)(i) (2003).[1] The Department determined that Washington was ineligible for the 50 percent maximum because he had a prior gross misdemeanor conviction for violating a domestic violence no-

---

[1] The Legislature amended RCW 9.94A.728 in 2004, adding a new section not relevant here. LAWS OF 2004, ch. 176, § 6. This amendment is effective July 1, 2005.

contact order. Because the plain language of former RCW 9.94A.728(1)(b)(ii)(C)(III) provides that offenders with such convictions are not eligible for the 50 percent maximum, we deny the petition.

STATUTES

¶2 Former RCW 9.94A.728(1)(b)(i) provides that certain offenders can earn an aggregate earned release time not to exceed 50 percent of their sentences. But the 50 percent maximum is not available to offenders who have prior convictions for: (1) sex offenses; (2) violent offenses; (3) "crime[s] against persons as defined in RCW 9.94A.411";[2] (4) "felon[ies] that [are] domestic violence as defined in RCW 10.99.020"; (5) residential burglaries; or (6) certain drug offenses. Former RCW 9.94A.728(1)(b)(ii)(C)(I)-(VII). Four of the 45 offenses classified as "crimes against persons" may be either felony or gross misdemeanor offenses: (1) violations of domestic violence court orders,[3] (2) communications with a minor,[4] (3) riot,[5] and (4) stalking.[6]

---

[2] RCW 9.94A.411(2)(a) classifies the following offenses as crimes against persons: Aggravated Murder, 1st Degree Murder, 2nd Degree Murder, 1st Degree Manslaughter, 2nd Degree Manslaughter, 1st Degree Kidnapping, 2nd Degree Kidnapping, 1st Degree Assault, 2nd Degree Assault, 3rd Degree Assault, 1st Degree Assault of a Child, 2nd Degree Assault of a Child, 3rd Degree Assault of a Child, 1st Degree Rape, 2nd Degree Rape, 3rd Degree Rape, 1st Degree Rape of a Child, 2nd Degree Rape of a Child, 3rd Degree Rape of a Child, 1st Degree Robbery, 2nd Degree Robbery, 1st Degree Arson, 1st Degree Burglary, 1st Degree Extortion, 2nd Degree Extortion, Indecent Liberties, Incest, Vehicular Homicide, Vehicular Assault, 1st Degree Child Molestation, 2nd Degree Child Molestation, 3rd Degree Child Molestation, 1st Degree Promoting Prostitution, Intimidating a Juror, Communication with a Minor, Intimidating a Witness, Intimidating a Public Servant, Bomb Threat (if against person), Unlawful Imprisonment, Promoting a Suicide Attempt, Riot (if against person), Stalking, Custodial Assault. The following statutes deal with violations of no-contact or protective orders: Domestic Violence Court Order Violation (RCW 10.99.040, 10.99.050, 26.09.300, 26.10.220, 26.26.138, 26.50.110, 26.52.070, or 74.34.145); and Counterfeiting (if a violation of RCW 9.16.035(4)).

[3] RCW 26.50.110 provides that a violation of a domestic violence order is a gross misdemeanor unless the offender has violated the order by committing assault or the offender has at least two previous convictions for violating a domestic violence court order. RCW 26.50.110(1), (4), (5).

[4] RCW 9.68A.090.

[5] RCW 9A.84.010(2).

[6] RCW 9A.46.110(5).

DISCUSSION

¶3 Washington has a prior gross misdemeanor conviction for violating a domestic violence no-contact order. He contends that because this was not a *felony* domestic violence offense, he is eligible for the 50 percent maximum. Although he acknowledges that his gross misdemeanor offense falls under the "crime[s] against persons" exclusion (former RCW 9.94A.728(1)(b)(ii)(C)(III)), he argues that if this exclusionary category applies, the felony restriction on the domestic violence exclusion is meaningless.[7] We disagree.

■ ¶4 In interpreting a statute, our primary objective is to ascertain and carry out the intent and purpose of the legislature. *State v. Sullivan*, 143 Wn.2d 162, 174-75, 19 P.3d 1012 (2001); *State v. Chester*, 133 Wn.2d 15, 21, 940 P.2d 1374 (1997). To determine legislative intent, we first look to the language of the statute. If the statute is unambiguous, we derive its meaning from the plain language of the statute alone. *State v. Keller*, 143 Wn.2d 267, 276, 19 P.3d 1030 (2001). "A statute is ambiguous if it can reasonably be interpreted in two or more ways, but it is not ambiguous simply because different interpretations are conceivable." *Keller*, 143 Wn.2d at 276. We are not " 'obliged to discern any ambiguity by imagining a variety of alternative interpretations.' " *Keller*, 143 Wn.2d at 277 (quoting *W. Telepage, Inc. v. City of Tacoma Dep't of Fin.*, 140 Wn.2d 599, 608, 998 P.2d 884 (2000)).

■ ¶5 Here, the "crimes against persons" exclusion is not ambiguous. By referring to RCW 9.94A.411 without restriction, this exclusion clearly and unambiguously applies to offenders with prior *gross misdemeanor* convictions of violations of domestic violence court orders. Although the

---

[7] " 'Statutes must be interpreted and construed so that all the language used is given effect, with no portion rendered meaningless or superfluous.' " *Davis v. Dep't of Licensing*, 137 Wn.2d 957, 963, 977 P.2d 554 (1999) (quoting *Whatcom County v. City of Bellingham*, 128 Wn.2d 537, 546, 909 P.2d 1303 (1996)).

domestic violence exclusion (RCW 9.94A.728(1)(b)(ii)(C)(IV)) is limited to felony offenses and a violation of a domestic violence court order is considered a crime of domestic violence under RCW 10.99.020(5)(r),[8] nothing in former RCW 9.94A.728(1)(b)(ii) requires that an exclusionary offense fit under a single category or that any one exclusionary category controls over another. Although violating a domestic violence order arguably fits two categories, one restricted to felonies and one that includes gross misdemeanors, that alone does not make the statute ambiguous.

¶6 As it did in the domestic violence exclusion, the legislature could have stated that the "crimes against persons" exclusion applied to only felony offenses. It chose not to do so, and we will not create an ambiguity by reading such a requirement into the statute.

¶7 Nor does this reading of the statute render meaningless the felony requirement in the domestic violence exclusion. RCW 10.99.020(5) defines "domestic violence" offenses very broadly; basically, as any offense that is committed by one family or household member against another.[9] This includes offenses that are not necessarily crimes against

---

[8] Former RCW 10.99.020(3)(r) (2000), LAWS OF 2004, ch. 18, § 2.

[9] RCW 10.99.020(5) provides:

"Domestic violence" includes *but is not limited* to any of the following crimes when committed by one family or household member against another:

    (a) Assault in the first degree (RCW 9A.36.011);

    (b) Assault in the second degree (RCW 9A.36.021);

    (c) Assault in the third degree (RCW 9A.36.031);

    (d) Assault in the fourth degree (RCW 9A.36.041);

    (e) Drive-by shooting (RCW 9A.36.045);

    (f) Reckless endangerment (RCW 9A.36.050);

    (g) Coercion (RCW 9A.36.070);

    (h) Burglary in the first degree (RCW 9A.52.020);

    (i) Burglary in the second degree (RCW 9A.52.030);

    (j) Criminal trespass in the first degree (RCW 9A.52.070);

    (k) Criminal trespass in the second degree (RCW 9A.52.080);

    (l) Malicious mischief in the first degree (RCW 9A.48.070);

    (m) Malicious mischief in the second degree (RCW 9A.48.080);

persons as defined by RCW 9.94A.411, for example malicious mischief and criminal trespass. *Compare* RCW 9.94A.411(2)(a) *with* RCW 10.99.020(5)(j)-(n). Thus, while all domestic violence crimes against persons exempt the defendant from earning 50 percent release time, only felony domestic violence crimes exempt the defendant from earning such time. In short, the two sections overlap but are not coextensive.

¶8 Accordingly, we hereby deny Washington's petition.

MORGAN, A.C.J., and HUNT, J., concur.

Review denied at 153 Wn.2d 1032 (2005).

(n) Malicious mischief in the third degree (RCW 9A.48.090);

(o) Kidnapping in the first degree (RCW 9A.40.020);

(p) Kidnapping in the second degree (RCW 9A.40.030);

(q) Unlawful imprisonment (RCW 9A.40.040);

(r) Violation of the provisions of a restraining order, no-contact order, or protection order restraining or enjoining the person or restraining the person from going onto the grounds of or entering a residence, workplace, school, or day care, or prohibiting the person from knowingly coming within, or knowingly remaining within, a specified distance of a location (RCW 10.99.040, 10.99.050, 26.09.300, 26.10.220, 26.26.138, 26.44.063, 26.44.150, 26.50.060, 26.50.070, 26.50.130, 26.52.070, or 74.34.145);

(s) Rape in the first degree (RCW 9A.44.040);

(t) Rape in the second degree (RCW 9A.44.050);

(u) Residential burglary (RCW 9A.52.025);

(v) Stalking (RCW 9A.46.110); and

(w) Interference with the reporting of domestic violence (RCW 9A.36.150). (Emphasis added.)