[No. 53393-2-I.   Division One.   October 23, 2006.]

*In the Matter of the Personal Restraint of* ROOSEVELT SILAS III, *Petitioner.*

*David B. Koch* (of *Nielsen Broman & Koch, P.L.L.C.*) and *Harlan R. Dorfman*, for petitioner.

*Robert M. McKenna, Attorney General*, and *Gregory J. Rosen, Assistant*, for respondent.

¶1 AGID, J. — While incarcerated for two drug felonies, Roosevelt Silas III sought 50 percent earned early release time based on the 2003 amendments to the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, that increased eligibility for earned early release time from 30 to 50 percent for certain classes of offenders. The Department of Corrections (DOC) denied Silas' request. The amended statute makes the enhanced credit unavailable to offenders with a conviction for "crimes against persons" as defined in the SRA. DOC determined Silas was ineligible for 50 percent earned early release time because he had a prior

misdemeanor conviction for violating a domestic violence no-contact order (DV-NCO), which is classified as a "crime against persons."[1] Silas filed this personal restraint petition (PRP) challenging DOC's interpretation of the earned early release time statute. Silas argues the statute should be applied to exclude only people with prior felony violations of DV-NCOs and that to do otherwise violates his right to equal protection of the laws. Because the statute is unambiguous and is constitutional under the applicable rational basis test, we deny the petition.

## FACTS

¶2 On August 3, 1995, Roosevelt Silas pleaded guilty to two domestic violence misdemeanors: assault and violation of a DV-NCO. In 2000, Silas was convicted of two drug felonies. In 2003, while serving time for the drug felonies, Silas applied for the newly enacted 50 percent earned early release credit.[2] DOC denied his request because of his 1995 DV-NCO conviction.

¶3 In November 2003, Silas filed this PRP seeking reversal of the DOC decision. After reviewing the petition, we appointed counsel for Silas. On September 30, 2004, Division Two of the Court of Appeals published *In re Personal Restraint of Washington*, a case very similar to this one.[3] On November 1, 2005, we ordered the parties to file supplemental briefs addressing *Washington*. Silas has since been released from prison.

---

[1] Silas pleaded guilty to a violation of a DV-NCO under former Seattle Municipal Code 12A.06.130 (1995). At oral argument, Silas' counsel informed the court that this was a misdemeanor, not a gross misdemeanor, in 1995. It's classification is not clear from the record. But the classification is not relevant to our analysis because neither party disputes that Silas violated a DV-NCO.

[2] LAWS OF 2003, ch. 379, § 1 (codified at RCW 9.94A.728).

[3] 125 Wn. App. 506, 507, 106 P.3d 763, *review denied*, 153 Wn.2d 1032 (2004).

## DISCUSSION

### I. *Mootness*

■ ¶4 Because Silas has finished serving his time and has been released from custody, we must first determine whether his case is moot. Generally, the courts will not consider a moot issue.[4] But there is an exception for matters involving continuing and substantial public interest.[5] To determine whether the public interest exception applies, we consider the following factors: (1) the public or private nature of the issue, (2) the need for a judicial decision to provide future guidance to public officers, and (3) the likelihood that the issue will recur.[6] In *In re Personal Restraint of Goulsby*, we held that a petition challenging a similar DOC decision involving credits toward release was not moot because it would affect many inmates who already had release dates which would pass before we could decide the issue.[7] Here, the issue is one of statutory interpretation that affects all inmates with prior misdemeanor violations of DV-NCOs. A judicial decision will provide guidance to DOC in interpreting the statute, and the issue is likely to recur and evade review because many inmates will, like Silas, be released before a PRP can be heard. We will therefore decide the issues Silas has raised.

### II. *The 50 Percent Earned Early Release Statute*

■ ¶5 A PRP challenging a decision from which the offender has had no previous or alternative avenue for obtaining judicial review does not require the same heightened threshold showing as other PRPs.[8] To be entitled to

---

[4] *In re Pers. Restraint of Myers*, 105 Wn.2d 257, 261, 714 P.2d 303 (1986).

[5] *In re Pers. Restraint of Goulsby*, 120 Wn. App. 223, 226, 84 P.3d 922 (2004).

[6] *Myers*, 105 Wn.2d at 261.

[7] 120 Wn. App. 223, 226, 84 P.3d 922 (2004).

[8] *In re Pers. Restraint of Stewart*, 115 Wn. App. 319, 332, 75 P.3d 521 (2003) (citing *In re Pers. Restraint of Cashaw*, 123 Wn.2d 138, 149, 866 P.2d 8 (1994)).

relief, the petitioner need only show he or she has been restrained and the restraint was unlawful.[9]

¶6 Silas argues that DOC misinterpreted the earned early release time statute. He contends that a misdemeanor violation of a DV-NCO should not be considered a "crime against persons" as defined in RCW 9.94A-.411(2)(a) for the purpose of determining earned early release time under RCW 9.94A.728(1)(b)(ii)(C)(III).[10] Statutory interpretation is a question of law which we review de novo.[11] There is no need to interpret statutes that are unambiguous.[12] In *In re Personal Restraint of Washington*, the court recently held that the statute in question is unambiguous and plainly states that when an offender has a prior misdemeanor violation of a DV-NCO, he or she is not eligible for 50 percent earned early release time.[13] We agree with the holding in *Washington* and adopt its reasoning here.

---

[9] RAP 16.4; *Stewart*, 115 Wn. App. at 332.

[10] RCW 9.94A.728(1)(b)(ii)(C) provides in pertinent part:

(b)(i) In the case of an offender who qualifies under (b)(ii) of this subsection, the aggregate earned release time may not exceed fifty percent of the sentence.

(ii) An offender is qualified to earn up to fifty percent of aggregate earned release time under this subsection (1)(b) if he or she:

. . . .

(C) Has no prior conviction for:

. . . .

(III) A crime against persons as defined in RCW 9.94A.411;

(IV) A felony that is domestic violence as defined in RCW 10.99.020.

RCW 9.94A.411(2)(a) provides in pertinent part:

CATEGORIZATION OF CRIMES FOR PROSECUTING STANDARDS
CRIMES AGAINST PERSONS

. . . .

Domestic Violence Court Order Violation (RCW 10.99.040, 10.99.050, 26.09.300, 26.10.220, 26.26.138, 26.50.110, 26.52.070, or 74.34.145).

[11] *State v. Keller*, 143 Wn.2d 267, 276, 19 P.3d 1030 (2001), *cert. denied*, 534 U.S. 1130 (2002).

[12] *Id.*

[13] 125 Wn. App. at 507.

III. *Equal Protection*

¶7 Silas contends that, if RCW 9.94A.728(1)(b)-(ii)(C)(III) is read to include a misdemeanor violation of a DV-NCO, the statute denies him equal protection of the law. The constitutions of the United States and the state of Washington guarantee equal protection under the law, prohibiting governmental classifications that impermissibly discriminate among similarly situated groups.[14] Washington courts use the same analysis for alleged violations of both the state and federal equal protection clauses.[15] We use the lowest level of scrutiny, the rational basis test, when a challenged classification implicates physical liberty only and no suspect or semisuspect class is involved.[16] That is the situation here. There is a three part test for determining whether a statute passes rational basis review: (1) does the classification apply equally to all members of the designated class, (2) is there some rational basis for distinguishing between those within and outside the class, and (3) does the classification have a rational relationship to the purpose of the legislation?[17]

¶8 Under the 50 percent earned early release time statute, an offender is not eligible for the enhanced credit if he or she has a conviction for a "crime against persons as defined in RCW 9.94A.411."[18] As we concluded above, disqualification under that section extends to *misdemeanor* violations of a DV-NCO. Under the next section of the 50 percent earned early release time statute, an offender is not eligible for the enhanced credit if he or she has a conviction for "a *felony* that is domestic violence as defined in RCW

---

[14] U.S. Const. amend. XIV, § 1; Wash. Const. art. I, § 12.

[15] *In re Pers. Restraint of Ramsey*, 102 Wn. App. 567, 573, 9 P.3d 231 (2000) (citing *State v. Manussier*, 129 Wn.2d 652, 672, 921 P.2d 473 (1996), *cert. denied*, 520 U.S. 1201 (1997)).

[16] *In re Pers. Restraint of Bratz*, 101 Wn. App. 662, 669, 5 P.3d 759 (2000) (citing *In re Det. of Dydasco*, 135 Wn.2d 943, 951, 959 P.2d 1111 (1998)).

[17] *Id.*

[18] RCW 9.94A.728(1)(b)(ii)(C)(III).

10.99.020."[19] This means that a fourth degree domestic violence assault conviction, which is a gross misdemeanor, would not be a disqualifying conviction.[20] Silas argues there is no rational basis for disqualifying offenders with misdemeanor violations of DV-NCOs from extra release time while granting that benefit to those with other misdemeanor domestic violence convictions. He also contends this distinction bears no rational relationship to the purpose of the statute.

¶9 But there is a rational basis for treating people who violate a DV-NCO differently from people who commit other misdemeanor domestic violence offenses like fourth degree assault. That difference in treatment is also rationally related to the purpose of the statute. When a court issues a DV-NCO, there has already been at least an allegation that the person to be restrained has committed an act of domestic violence.[21] If that person then violates the order prohibiting him from contacting the victim, he has shown that he will not respect a court order. The legislature has determined that a person who violates a DV-NCO shows a propensity to reoffend and to further endanger the victim. This fact distinguishes him from other offenders and justifies the legislature's decision to deny additional earned early release time to this group of offenders.

¶10 The purpose of the earned early release time statute is to preserve "the public peace, health, or safety."[22] The 2003 amendments to the SRA added the possibility of 50 percent earned early release time for some low risk offenders while

[19] RCW 9.94A.728(1)(b)(ii)(C)(IV) (emphasis added).

[20] RCW 10.99.020(5)(d) (listing fourth degree assault as a domestic violence crime when committed against a family or household member); RCW 9A.36.041 (defining assault in the fourth degree).

[21] RCW 10.99.040(2)(a) provides:

Because of the likelihood of repeated violence directed at those who have been victims of domestic violence in the past, when any person charged with or arrested for a crime involving domestic violence is released from custody . . . , the court authorizing the release may prohibit that person from having any contact with the victim.

[22] LAWS OF 2003, ch. 379, § 29.

increasing the amount of time to be served by those with convictions for serious violent offenses and class A felony sex crimes.[23] The legislature intended to allow DOC to release people earlier because they are less likely to threaten the public safety. The offender who has violated a DV-NCO has demonstrated his or her willingness to disobey a court order, suggesting he or she will be less likely to comply with the conditions of release and more likely to reoffend. There is thus a rational basis on which the legislature may choose to treat people who violate domestic violence court orders differently from people who commit other domestic violence misdemeanors. That difference in behavior is rationally related to the purpose of the statute, that is, giving additional earned early release time to people who are less likely to threaten "the public peace, health, or safety." We hold the statute's exclusion of offenders with misdemeanor DV-NCO violations does not deny them the equal protection of the laws.

¶11 We deny the personal restraint petition.

ELLINGTON and DWYER, JJ., concur.