[No. 38468-0-II. Division Two. February 9, 2010.]

THE STATE OF WASHINGTON, *Appellant*, v. PHILLIP WHITE FLOWERS, *Respondent*.

*Susan I. Baur, Prosecuting Attorney,* and *David Phelan, Deputy,* for appellant.

*John A. Hays,* for respondent.

¶1 HOUGHTON, J. — The State challenges the trial court's grant of Phillip Flowers's motion to dismiss based on its ruling that he did not commit the crime of failing to register as a sex offender under RCW 9A.44.130(6)(b) and its ruling that the statute violates our constitution. We agree that Flowers did not commit a crime under the statute and affirm.

## FACTS

¶2 Flowers is a convicted sex offender, classified as a level II offender. Because of his convictions, the State

requires him to register as a sex offender under RCW 9A.44.130. At the time relevant to this matter, he registered in Cowlitz County as an offender who lacked a fixed residence.

¶3 Under RCW 9A.44.130(6)(b),[1] sex offenders who lack a fixed residence (transient sex offenders) must report weekly to the sheriff of their county of residence. The statute also permits the county sheriff to require transient sex offenders to list the locations where they stayed each day during the previous week. Before July 15, 2008, the Cowlitz County sheriff adopted a policy requiring all transient sex offenders to list their locations during the previous week. As of August 20, 2008, some county sheriffs followed this same policy. Other county sheriffs did not require any transient sex offenders to list their locations over the previous week. The King County Sheriff occasionally required some transient sex offenders to report their locations if there was some reason to suspect that they had been engaging in suspicious activity.

¶4 On July 15, 2008, Flowers reported to the Cowlitz County Sheriff's Office and indicated that he had stayed at a certain address on July 12 and July 13. Apparently, he had not stayed at that address on those dates.

¶5 On July 18, the State charged Flowers with failure to register as a sex offender under RCW 9A.44.130(11)(a).[2] Specifically, the State alleged that Flowers, a convicted

---

[1] RCW 9A.44.130(6)(b) provides:

A person who lacks a fixed residence must report weekly, in person, to the sheriff of the county where he or she is registered. The weekly report shall be on a day specified by the county sheriff's office, and shall occur during normal business hours. The county sheriff's office may require the person to list the locations where the person has stayed during the last seven days. The lack of a fixed residence is a factor that may be considered in determining an offender's risk level and shall make the offender subject to disclosure of information to the public at large pursuant to RCW 4.24.550.

[2] RCW 9A.44.130(11)(a) provides:

A person who knowingly fails to comply with any of the requirements of this section is guilty of a class C felony if the crime for which the individual was convicted was a felony sex offense as defined in subsection (10)(a) of this section or a federal or out-of-state conviction for an offense that under the laws of this

transient sex offender residing in Cowlitz County required to register as a sex offender with the Cowlitz County Sheriff, knowingly failed to "accurately report to the Cowlitz County Sheriff the locations he stayed at during the preceding week." Clerk's Papers at 4-5.

¶6 Flowers filed a *Knapstad*[3] motion to dismiss the charge. The trial court granted his motion on several bases, ruling that (1) RCW 9A.44.130(6)(b) itself does not require transient sex offenders to list their daily locations, (2) the statute violates the separation of powers doctrine under the state constitution, (3) the statute violates his equal protection rights, and (4) the statute violates his due process rights under the state and federal constitutions.[4] The State appeals.

## ANALYSIS

### STATUTORY REPORTING REQUIREMENTS

¶7 The State argues that RCW 9A.44.130(6)(b) requires transient sex offenders to accurately report their locations during the previous week. Flowers responds that, because the statute authorizes only the county sheriff to require such reporting, the reporting is not a statutory requirement. Therefore, he asserts that a transient sex offender's failure to report locations over the previous week is not a crime under RCW 9A.44.130(11)(a).

 ¶8 We review questions of statutory interpretation de novo. *State v. Jacobs*, 154 Wn.2d 596, 600, 115 P.3d 281 (2005). When interpreting a statute, we seek to ascertain the legislature's intent. *Jacobs*, 154 Wn.2d at 600. Where plain on its face, we give effect to that meaning as express-

state would be a felony sex offense as defined in subsection (10)(a) of this section.

[3] *State v. Knapstad*, 107 Wn.2d 346, 729 P.2d 48 (1986) (upholding a motion to dismiss for lack of material facts sufficient to prove guilt).

[4] Because we affirm the trial court on its first basis, we do not address the State's arguments that the trial court erred in its decision based on equal protection, due process, and separation of powers arguments grounds.

ing the legislature's intent. *Jacobs*, 154 Wn.2d at 600. We determine the plain meaning of a statutory provision from the ordinary meaning of its language, as well as the general context of the statute, related provisions, and the statutory scheme as a whole. *Jacobs*, 154 Wn.2d at 600. Whenever possible, we must read statutes in harmony and give each effect. *State v. Bays*, 90 Wn. App. 731, 735, 954 P.2d 301 (1998). We interpret statutes to give effect to all language in the statute and to render no portion meaningless or superfluous. *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003). We avoid a reading that produces absurd results because we will not presume that the legislature intended an absurd result. *J.P.*, 149 Wn.2d at 450.

■ ¶9 RCW 9A.44.130(11)(a) makes it a crime for sex offenders to knowingly fail to comply with any of the requirements of "this section," referring to RCW 9A.44.130. RCW 9A.44.130(6)(b) authorizes, but does not require, the county sheriff to command that transient sex offenders list their locations during the previous week. Because the statute does not mandate that transient sex offenders list their locations, it is not a "requirement" for which noncompliance is a crime under RCW 9A.44.130(11)(a). Flowers simply failed to comply with the sheriff's requirements.

¶10 Moreover, this interpretation does not lead to an absurd result because the State could have charged Flowers with another crime. The State could have charged him with making a false or misleading statement to a public servant, a violation of RCW 9A.76.175.[5]

¶11 Affirmed.

VAN DEREN, C.J., and PENOYAR, J., concur.

---

[5] Under RCW 9A.76.175, "A person who knowingly makes a false or misleading material statement to a public servant is guilty of a gross misdemeanor. 'Material statement' means a written or oral statement reasonably likely to be relied on by a public servant in the discharge of his or her official powers or duties."

But, given his acquittal, the mandatory joinder rule, CrR 4.3.1(b)(3), likely bars the State from later charging Smith for this crime under these facts. *See State v. Gamble*, 168 Wn.2d 161, 168-72, 225 P.3d 973 (2010) (mandatory joinder rule is intended to prevent retrying the defendant for the same conduct after an acquittal).