# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint Petition of<br><br>DAVID ALLEN TROUPE,<br><br><div align="center">Petitioner.</div> | No. 47299-6-II<br><br><br>PUBLISHED OPINION |

WORSWICK, P.J. — After this court waived the $250 filing fee for David Troupe's personal restraint petition (PRP), the State unsuccessfully moved to revoke the waiver. The State now seeks to modify our court commissioner's ruling denying its motion to revoke the waiver of this filing fee, arguing that waiver of Troupe's filing fee is barred by RCW 4.24.430. Troupe responds that (1) the legislature cannot constitutionally limit the courts' inherent authority to waive fees, (2) RCW 4.24.430 does not apply to PRPs, and (3) waiver of PRP filing fees is exclusively governed by RAP 16.8 and RCW 7.36.250. We hold that RCW 4.24.430 imposes a valid condition precedent to suits against the State pursuant to the legislature's power under article II, section 26 of the Washington Constitution, and applies to PRPs. Consequently, we grant the State's motion to modify and order Troupe to pay his filing fee before we consider the merits of his petition.

FACTS

I. PROCEDURAL FACTS

Troupe filed a PRP challenging certain conditions of his confinement. Troupe also submitted a statement of finances and requested that the $250 filing fee be waived. Our court clerk granted the fee waiver. The State then filed a motion to revoke the fee waiver under RCW 4.24.430. Our court commissioner denied the State's motion to revoke the waiver, ruling:

> The State does not show that personal restraint petitions challenging the conditions of confinement are civil actions against the State within the meaning of RCW 4.24.430, such that the denials of the Petitioner's prior petitions require this court to deny requests to waive filing fees. Further, the State's position would deprive the Petitioner of his only mechanism for challenging the conditions of his confinement.

Commissioner's Ruling, *PRP of Troupe*, No. 47299-6 (Wash. Ct. App. June 18, 2015).

The State then filed a motion to modify the commissioner's ruling. We appointed counsel for Troupe, ordered supplemental briefing, and set the matter for oral argument.

II. RCW 4.24.430

RCW 4.24.430 is based on the federal Prison Litigation Reform Act (PLRA) of 1995, 28 U.S.C. § 1915(g). LAWS OF 2011, ch. 220, §1; 2011 FINAL LEGISLATIVE REPORT, 62d Leg., at 7. Section 1915(g) of the PLRA was enacted to address Congress's concern about frivolous litigation by prisoners challenging conditions of confinement rather than the lawfulness or duration of confinement. *Jones v. Smith*, 720 F.3d 142, 147 (2nd Cir. 2013). Under Section 1915(g), prisoner-plaintiffs who have filed three prior actions that were dismissed as frivolous are precluded from having their filing fees waived. 28 U.S.C. § 1915(g). Similarly, RCW 4.24.430 prohibits Washington courts from waiving filing fees for a person serving a criminal sentence who seeks leave to proceed in court without payment of filing fees in any civil action or

appeal against the State and has, on three or more occasions while incarcerated, brought an action or appeal that was dismissed on grounds that it was frivolous or malicious. The statute carves out an exception for actions that, if successful, would affect the duration of the person's confinement, and permits the court to waive filing fees if the court determines the person is in imminent danger of serious physical injury. RCW 4.24.430.

## ANALYSIS

### I. RCW 4.24.430 IS A VALID CONDITION PRECEDENT TO SUITS AGAINST THE STATE

Troupe first argues that we should not modify the commissioner's ruling because Washington courts have the inherent power to waive filing fees for indigent parties. The State acknowledges that the courts have inherent authority to waive fees but argues that the court's authority may be validly constrained by the legislature under article II, section 26 of the Washington Constitution. We agree with the State.

Indigent persons are as entitled to have access to the courts as are the more affluent. Courts at common law exercised an inherent power to permit an indigent person to press his claim in the courts without the payment of filing fees or other requirements. *O'Connor v. Matzdorff*, 76 Wn.2d 589, 606, 458 P.2d 154 (1969). In *O'Connor*, our Supreme Court held "that a justice of the peace has the inherent power to waive prepayment of the justice court fee where justice requires such action." 76 Wn.2d at 606.

Article II, section 26 of the Washington Constitution, however, provides "[t]he legislature shall direct by law, in what manner, and in what courts, suits may be brought against the State." In *McDevitt v. Harborview Med. Ctr.*, 179 Wn.2d 59, 63, 316 P.3d 469 (2013), our Supreme Court concluded that a 90-day presuit notice requirement, which conflicted with a court rule, was

3

constitutional as applied to suits against the State on the ground that the legislature may establish conditions precedent before suit can be brought against the State. Similarly here, RCW 4.24.430 sets forth conditions precedent to suits against the State, and as a result falls clearly within the legislature's power pursuant to article II, section 26.

## II. RCW 4.24.430 APPLIES TO PERSONAL RESTRAINT PETITIONS

Troupe argues that RCW 4.24.430 does not apply to PRPs because the statute does not specifically refer to PRPs, and because filing fee waivers are governed exclusively by RAP 16.8 and RCW 7.36.250. We disagree and hold that RCW 4.24.430 applies to PRPs in conjunction with RAP 16.8 and RCW 7.36.250.

A.       *A PRP is a Civil Action as Contemplated by RCW 4.24.430*

Our fundamental purpose in construing statutes is to ascertain and carry out the intent of the legislature. *In re Pers. Restraint of Washington*, 125 Wn. App. 506, 509, 106 P.3d 763 (2004). To determine legislative intent, we first look to the language of the statute. 125 Wn. App. at 509. If the statute is unambiguous, we derive its meaning from the plain language of the statute alone. 125 Wn. App. at 509.

RCW 4.24.430 states:

> If a person serving a criminal sentence in a federal, state, local, or privately operated correctional facility seeks leave to proceed in state court without payment of filing fees in any civil action or appeal against the state, a state or local governmental agency or entity, or a state or local official, employee, or volunteer acting in such capacity, except an action that, if successful, would affect the duration of the person's confinement, the court shall deny the request for waiver of the court filing fees if the person has, on three or more occasions while incarcerated or detained in any such facility, brought an action or appeal that was dismissed by a state or federal court on grounds that it was frivolous or malicious. One of the three previous dismissals must have involved an action or appeal commenced after July 22, 2011. A court may permit the person to commence the action or appeal without payment

4

of filing fees if the court determines the person is in imminent danger of serious physical injury.

Both the State and Troupe contend that RCW 4.24.430 is unambiguous, but they disagree as to whether the plain language of RCW 4.24.430 applies to PRPs. Troupe argues that RCW 4.24.430 does not apply to PRPs because the statute does not specifically mention PRPs, but rather applies only to "filing fees in any civil action or appeal against the [S]tate." Pet'r's Supp. Br. 4. However, it is well established within Washington case law that a PRP is a civil action. *In re Pers. Restraint of Gentry*, 137 Wn.2d 378, 409, 972 P.2d 1250 (1999). Moreover, the rules of appellate procedure expressly refer to PRPs as "actions." *See* RAP 16.1(a), 16.1(c). We presume that the legislature was aware that Washington courts consider PRPs to be civil actions as used in RCW 4.24.430. *See In re Pers. Restraint of Wheeler*, 188 Wn. App. 613, 621, 354 P.3d 950 (2015).

A petitioner challenging the conditions of his confinement and requesting a fee waiver falls precisely within the plain language of RCW 4.24.430. He is (1) a person serving a criminal sentence in a federal, state, local, or privately operated correctional facility, (2) who seeks leave to proceed in state court without payment of filing fees, (3) in a civil action, (4) against the state, a state or local governmental agency, or entity, or a state or local official, employee, or volunteer. Furthermore, we interpret statutes to give effect to all language in the statute and to render no portion meaningless or superfluous. *State v. Flowers*, 154 Wn. App. 462, 466, 225 P.3d 476 (2010). If RCW 4.24.430 did not apply to PRPs, the language providing an exception for actions that, if successful, would affect the duration of the person's confinement would be unnecessary.

We hold that RCW 4.24.430 is unambiguous and the plain language applies to PRPs.

No. 47299-6-II

B.      *RCW 4.24.430 Applies to PRPs*

Troupe argues that waiver of filing fees for PRPs is governed only by RAP 16.8 and RCW 7.36.250. Troupe is correct that RAP 16.8 and RCW 7.36.250 apply to filing fees for PRPs. However, nothing in the rule or statute conflicts with RCW 4.24.430 or precludes its application to PRPs.

RAP 16.8(a) addresses the filing fee for a personal restraint petition, allowing for a waiver of the fee if the court determines the petitioner is indigent. The rule states, "The statute governing payment of a fee for filing a petition for writ of habeas corpus is controlling." RAP 16.8(a). Chapter 7.36 RCW governs writ of habeas corpus. Specifically, RCW 7.36.250 sets the standard for "proceeding in forma pauperis." RCW 7.36.250 provides the court with discretion to waive fees when the petition is taken in good faith stating:

> Any person entitled to prosecute a writ of habeas corpus who, by reason of poverty is unable to pay the costs of such proceeding or give security therefor, may file in the court having original jurisdiction of the proceeding an affidavit setting forth such facts and that he or she believes himself or herself to be entitled to the redress sought. Upon the filing of such an affidavit the court *may*, if satisfied that the proceeding or appeal is instituted or taken in good faith, order that such proceeding, including appeal, may be prosecuted without prepayment of fees or costs or the giving of security therefor.

RCW 7.36.250 (emphasis added). This general discretion does not conflict with RCW 4.24.430's requirement that courts deny requests for waivers of filing fees in narrow circumstances. Whether a petitioner's current action is made in good faith is a different question from whether a petitioner who is challenging the conditions of his confinement has previously brought three or more frivolous or malicious actions.

6

No. 47299-6-II

Whenever possible, we must read statutes in harmony and give each effect. *Flowers*, 154 Wn. App. at 478. We hold that RCW 7.36.250 and RCW 4.24.430 can be harmonized and that both statutes apply to PRPs.[1]

CONCLUSION

We hold that RCW 4.24.430 is a valid restraint on the court's authority to waive filing fees pursuant to the legislature's power to set conditions precedent to suits against the State pursuant to article II, section 26 of the Washington Constitution. We also hold that RCW 4.24.430 applies to PRPs in conjunction with RAP 16.8 and RCW 7.36.250. Therefore, we grant the State's motion to modify the commissioner's ruling, and order Troupe to pay his filing fee before we will consider the merits of his petition.

Worswick, P.J.

We concur:

Lee, J.

Melnick, J.

---

[1] Troupe also argues that if RCW 4.24.430 is applicable to PRPs, the statute violates due process and equal protection because due process and equal protection "require that indigent litigants have access to the courts and require a complete waiver of fees," and it "would deprive [Troupe] of his only mechanism for challenging the conditions of his confinement." Pet'r's Suppl. Br. at 7. Because Troupe gives this argument only passing treatment, we decline to address it. *State v. Thomas*, 150 Wn.2d 821, 868-69, 83 P.3d 970 (2004) ("[The] court will not review issues for which inadequate argument has been briefed or only passing treatment has been made.").

7