IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) ) ) | No. 79654-2-I (Consolidated with 79385-3-I) |
| CLINTON DOYLE HECK | ) ) | DIVISION ONE |
| Petitioner. | ) ) ) ) | PUBLISHED OPINION |

HAZELRIGG, J. — In 2018, Clinton Doyle Heck filed a personal restraint petition (PRP) raising due process challenges to a serious infraction proceeding that occurred in the Department of Corrections (DOC) in 2010. Heck was found guilty of the infraction and received a sanction that included 30 days in disciplinary segregation and the loss of 270 days of earned good time credit. He sought review of the finding and sanction pursuant to an internal prison appeal process and it was upheld in early 2011. Heck asserted that he filed the present petition immediately after first learning that the process was available as a means to further appeal a prison disciplinary proceeding. DOC responded that the petition was time barred and offered three alternative bases for either a one- or two-year time limit on such a petition. We hold that Heck's petition is time barred under RCW 4.16.130 and decline to reach the merits.

FACTS

Clinton Heck is currently incarcerated, serving a 171 month sentence. His earned early release date is February 27, 2021. On December 7, 2010, DOC staff member Jeff Ellison completed an "INITIAL SERIOUS INFRACTION REPORT." The report alleged that sometime between October 4th and 8th, 2010 Heck violated WAC 137-25-030(603) (Rule 603): "[p]ossession, introduction, use or transfer of any narcotic, controlled substance, illegal drug, unauthorized drug, mind altering substance, or drug paraphernalia."[1] According to the report, the evidence in support of the allegation was that Heck admitted "he was in possession and used (on multiple occasions) a controlled substance (Methamphetamine)." The full narrative of Ellison's report states:

> On 12-06-10 WCC IIU completed an investigation that determined Offender Heck, C. #807946 did have possession of contraband during the week of 10-4-10 to 10-8-10.
>
> WCC IIU in conjunction with Mason County Sheriff's Office conducted an interview of Offender Heck for an ongoing separate case on 10-27-10. During the interview Offender Heck offered an explanation in rebuttal to the allegation made against him of the events that occurred in and around his cell in Receiving Unit #5. Offender Heck admitted he was in possession and used (on multiple occasions) a controlled substance (Methamphetamine), an illegal drug which is a violation of WAC 137-[25-030] (#603).
>
> This is a summary of confidential information.

In the section of the form labeled "Evidence Taken" and "Photos Submitted" both boxes were checked "No".

---

[1] Heck's notice of infraction incorrectly cites the code for general infractions, which did not contain a "Rule 603," but then expressly adds that rule number in a parenthetical. The parties appear to agree that Heck was infracted for use or possession of a controlled substance, which is consistent with Rule 603 contained in WAC 137-25-030(603), Serious Infractions.

On December 7, 2010 Lieutenant Clan Jacobs filled out a document entitled "INFRACTION REVIEW CHECKLIST" in which he checked off the boxes indicating that evidence was taken and photos and supporting documentation regarding witnesses, injuries, property damage, and other supplemental information was submitted. However, Heck claims that he received no evidence or documents of the sort.

Heck received notice of the disciplinary hearing on December 9, 2010. The notice contained standardized advice as to procedures and rights associated with the disciplinary process, such as requesting witness statements, or presenting witness testimony, with certain limits due to safety or security concerns. The document further informed Heck that he had the right to review certain reports and "a summary of any confidential information." (Capitalization omitted). The notice also advised Heck that he had the right to appeal the disciplinary decision of the hearing officer to the prison Superintendent or their designee. None of the documents provided to this court reference an offender's ability to further appeal the determination of the Superintendent or facility supervisor.

The disciplinary hearing occurred on or about December 13, 2010 with Heck present.[2] A document entitled "DISCIPLINARY MINUTES AND FINDINGS" was signed by the hearing officer. The form indicates "No" as to "Witness Statements Returned" and "Witness/Statement Denied" in check boxes following each statement. (Some capitalization omitted). Underneath the check boxes, lines are

---

[2] There is a discrepancy between the briefing and exhibits provided to this court as to whether the hearing occurred on December 13 or 14, 2010. The precise date of the hearing does not impact the outcome of this appeal.

provided to write in the reason for those answers, which noted only "none requested." A section labelled "Summary of Testimony" includes instructions for the hearing officer to "list witnesses testifying/evidence used/findings/reasons for continuances, decisions, and sanctions/any relevant information." (Some capitalization omitted). There, the hearing officer handwrote:

> I never admitted to any of this. I did not use any drugs. They have misconstrued what I said.
> Note: The confidential information submited [sic] was reviewed and deemed reliable and credible. The C.I. info and infraction report support one another.

The hearing officer found Heck in violation of Rule 603. Handwritten in the space provided for the reason for the finding as to Rule 603 was "infraction report" and "confidential information."

Heck prepared a Disciplinary Hearing Appeal form within days of the hearing. In that petition for review, Heck repeated his assertion that his statement about drug use was taken out of context and he challenged the use of the confidential information. In a Disciplinary Hearing Appeal Decision document dated January 5, 2011, the Superintendent's designee found:

> In reviewing your infraction paperwork & the confidential information, it WAS determined you were in possession of contraband. You DID admit to staff you were in possession and used an illegal drug. Your sanction is appropriate.

However, the designee also checked a number of boxes on the form affirmatively indicating that the following determinations were made during the review of Heck's appeal:

> The disciplinary hearing process was conducted in accordance with Due Process and WAC 137-28.

> At least 24 hours advance written notice was provided or you waived the 24 hour advance notice in writing/with witness.
>
> <u>You were provided an opportunity to call witnesses and present documentary evidence on your behalf. If witness(es) were denied, the Hearing Officer provided you with written reason(s) for the denial.</u>
>
> The finding was made by an impartial (i.e., not viewed as biased or having witnessed the incident being heard) Hearing Officer.
>
> A written statement of the finding(s) and sanction(s) imposed was provided to you and includes the evidence relied upon and the reason(s) for the decision.
>
> Sanction(s) are in accordance with Presumptive Sanction Guidelines WAC 137-28.

(Emphasis added). Heck pursued no other action on the sanction until filing this PRP on November 19, 2018. He stated in his pro se petition that he was unaware of a PRP as further avenue for relief and filed his petition immediately upon learning that it was an option. He initially filed in Division Two under the case number consolidated here. He refiled in Division One and counsel was appointed. Both Heck and DOC submitted supplemental briefing and Heck narrowed his challenge to sufficiency of the evidence.

ANALYSIS

The primary, and dispositive, question in this case is whether Heck's PRP challenging the sufficiency of the evidence in a prison disciplinary hearing conducted nearly ten years ago is timely. It is not.

The parties agree that the standard time bar statute for collateral attacks on judgment, RCW 10.73.090, does not apply as a prison disciplinary proceeding is not a judgment. Heck argues that there simply is no time limit for such a petition and DOC proposes two different statutory bases with two different time limits and,

as a final alternative, suggests that this court could apply the common law doctrine of laches to dismiss Heck's PRP as untimely.

Despite the parties varied arguments for their respective positions, the answer to this question is not as labyrinthine as presented. "Prison disciplinary proceedings are not criminal prosecutions or judicial proceedings but are civil and remedial in nature." In re Higgins, 152 Wn.2d 155, 163, 95 P.3d 330 (2004). Further, a PRP to seek relief from that original proceeding is a civil action. In re Troupe, 194 Wn. App. 701, 706, 378 P.3d 239 (2016). Both Heck's petition and the underlying disciplinary proceeding are civil in nature.

RAP 16.1(a) provides, "[t]he rules in this title establish the procedure for original actions in the Supreme Court and in the Court of Appeals." Personal restraint petitions are a specialized form of original action established by this state's highest court. See RAP 16.1(c). The parties concede that there is no statute that expressly establishes a time bar for a PRP challenging a prison disciplinary decision. Since the petition is an original action established by the Supreme Court, the petition is civil in nature, and no other statute or court rule expressly addresses time limits on filing in this context, we find that RCW 4.16.130 applies.

RCW 4.16.130 is the two-year "catch all" statute of limitations created by the legislature that provides, "[a]n action for relief not hereinbefore provided for, shall be commenced within two years after the cause of action shall have accrued." The Supreme Court has stated, "[t]he court's fundamental objective is to ascertain and carry out the Legislature's intent, and if the statute's meaning is plain on its

face, then the court must give effect to that plain meaning as an expression of legislative intent." Dept. of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002). The language of RCW 4.16.130 is clear: it is meant to capture civil actions not addressed by other statutes. We agree with the parties that no other statute or court rule directly addresses the procedural posture presented here. As such, RCW 4.16.130 limits Heck's civil action, a PRP, challenging his prison infraction which resulted in time in disciplinary segregation and the loss of good time credit. Given that his petition was filed nearly eight years after his internal appeal to the prison Superintendent, it is untimely. Accordingly, the petition is dismissed.

WE CONCUR: