IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

STATE OF WASHINGTON,

Respondent,

v.

JUSTIN R. WHEELER,

Appellant.

No. 79574-1-I

DIVISION ONE

UNPUBLISHED OPINION

LEACH, J. — Justin Ross Wheeler appeals the trial court's order revoking his special sex offender sentencing alternative (SSOSA). He claims the trial court violated his double jeopardy rights by considering his previously sanctioned condition violations when it revoked the SSOSA. He also claims, and the State concedes, that he should receive credit for time served on work crew.

Because the trial court's consideration of earlier violations does not violate double jeopardy, we affirm the SSOSA revocation. But, the SSOSA statute requires the court to credit confinement time, and confinement time includes work crew service. So, we remand to the trial court to credit Wheeler for time served on work crew.

FACTS

In December 2008, Justin Ross Wheeler pleaded guilty to three counts of first degree child molestation. The trial court sentenced him to a special sex offender

Citations and pincites are based on the Westlaw online version of the cited material.

sentencing alternative with a 130 month suspended sentence. The court ordered him to complete at least three years of outpatient sex offender treatment. The court also imposed community custody conditions, including (1) do not consume controlled substances; (2) do not contact minor children; (3) report to the assigned community corrections officer (CCO) as directed; and (4) participate in urinalyses as directed by the supervising CCO. In April 2015, Wheeler admitted to six community custody violations: contacting two minors, possessing alcohol, and failing to report for work crew three times.

The trial court ordered Wheeler to serve 360 days in jail as a sanction. It also ordered Wheeler to complete another two years of sex offender treatment, community custody, and imposed additional conditions, including: (1) prohibiting access to the internet, except as authorized by his CCO, and (2) requiring installation of monitoring software for any device with the internet.

In May 2016, the State asked the court to revoke Wheeler's SSOSA based on additional condition violations. The trial court found that he committed four violations because he failed to report to his CCO, failed to report to work crew, consumed marijuana, and consumed Percocet without a valid prescription. The court denied the State's request to revoke the SSOSA but sanctioned him with an additional 240 days in jail.

In October 2018, the State again asked the court to revoke Wheeler's SSOSA based on additional condition violations. The State alleged that he failed to report to his CCO, consumed marijuana, and failed to install monitoring software on devices that could access the internet.

On January 16, 2019, the trial court held a revocation hearing. During closing argument, the State mentioned Wheeler's earlier violations and sanctions. Wheeler objected, arguing that double jeopardy and the plain language of the SSOSA statute prohibited the trial court from considering Wheeler's earlier violations when deciding whether to revoke his SSOSA. The court found that while it could not rely on earlier violations as evidence that he "violated on this particular occasion," "[p]rior violations may be relevant when it comes to the issue of any sanction that may be appropriate just as prior criminal conduct would be."

The trial court found that Wheeler violated his SSOSA. The court found Wheeler's failure to install monitoring software as "the most significant violation." It revoked his SSOSA.

> With regard to the prior sanctions and prior violation hearings held by the Court, I certainly do not suggest and would not punish Mr. Wheeler for the same conduct twice. However, there comes a time when the cumulative violations of a SSOSA, which is a matter of grace, not a matter of right, when the cumulative violations of the SSOSA suggest that the defendant should not remain upon a sexual, special sexual offender sentencing alternative. And the record in this file is replete with continued violations, and repeated hearings wherein violations have been found.
>
> Given the very serious nature of the violation on this occasion where there had been a prior violation using electronic devices where Judge Rickert had specifically ordered that there's monitoring software and where there was no monitoring software, the Court will find, and in light of the prior violations, the Court will find that revocation is appropriate in this case and will order revocation of the special sexual offender sentencing alternative.

After revoking the SSOSA, the court ordered Wheeler serve his original sentence, 130 months on all three counts, to run concurrently with credit for time served in jail on prior condition violations. Wheeler appeals.

DISCUSSION

Wheeler claims the trial court violated the prohibition against double jeopardy by considering his earlier condition violations when it decided to revoke his SSOSA. We disagree.

The Sentencing Reform Act of 1981, chapter 9.94A RCW authorizes a sentencing court to suspend the sentence of a first-time sexual offender if the offender is shown to be amenable to treatment and instead require that the offender be released into community custody and receive outpatient or inpatient treatment.[1]

A trial court may revoke a SSOSA at any time if the offender violates the conditions of the suspended sentence or if the court finds the offender fails to make satisfactory progress in treatment.[2] After a court revokes a SSOSA, the court reinstates the original sentence.[3] Because revocation is not a criminal proceeding, the due process rights at a revocation hearing are not the same as those guaranteed at trial.[4] The offender at a revocation hearing has "only minimal due process rights."[5]

The double jeopardy clause of the Fifth Amendment guarantees protection against: (1) a second prosecution for the same offense after an acquittal; (2) a second prosecution for the same offense after a conviction; and (3) "'multiple punishments for

---

[1] RCW 9.94A.670.

[2] RCW 9.94A.670(11); State v. McCormick, 166 Wn.2d 689, 698, 705-06, 213 P.3d 32 (2009).

[3] State v. Dahl, 139 Wn.2d 678, 683, 990 P.2d 396 (1999).

[4] Dahl, 139 Wn.2d at 683 (citing State v. Nelson, 103 Wn.2d 760, 763, 697 P.2d 579 (1985)).

[5] Dahl, 139 Wn.2d at 683 (citing State v. Badger, 64 Wn. App. 904, 907, 827 P.2d 318 (1992)).

the same offense' imposed in a single proceeding."[6]  We review double jeopardy claims de novo.[7]

"In the multiple punishments context," double jeopardy protection is "'limited to ensuring that the total punishment did not exceed that authorized by the legislature.'"[8] "A double jeopardy violation does not occur simply because two adverse consequences stem from the same act."[9]  Principles of double jeopardy generally do not apply to sentencing other than in the death penalty context.[10]  Washington courts have not yet answered the specific question of whether double jeopardy prohibits a court from considering earlier SSOSA condition violations in its decision to revoke a SSOSA.

Wheeler claims that the SSOSA revocation is an additional penalty, and that considering earlier violations when deciding whether to revoke a SSOSA violates double jeopardy because the court already sanctioned him for those earlier violations. So, considering them would constitute a double punishment.

First, revoking a SSOSA is not separate punishment.  If an offender violates a condition of a suspended sentence, or if the court finds that an offender fails to make satisfactory progress in treatment, the court can revoke the suspended sentence and apply the original sentence.[11]  So, revoking the SSOSA does not impose a double

---

[6] Jones v. Thomas, 491 U.S. 376, 381, 109 S. Ct. 2522, 105 L. Ed. 2d 322 (1989) (quoting North Carolina v. Pearce, 395 U.S. 711, 717, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969), overruled on other grounds by Alabama v. Smith, 490 U.S. 794, 109 S. Ct. 2201, 104 L. Ed. 2d 865 (1989)).

[7] State v. Hughes, 166 Wn.2d 675, 681, 212 P.3d 558 (2009).

[8] Thomas, 491 U.S. at 381 (quoting U.S. v. Halper, 490 U.S. 435, 450, 109 S. Ct. 1892, 104 L. Ed. 2d 487 (1989), abrogated by Hudson v. U.S., 522 U.S. 93, 118 S. Ct. 488, 139 L. Ed. 2d 450 (1997)).

[9] Matter of Mayner, 107 Wn.2d 512, 521, 730 P.2d 1321 (1986).

[10] State v. Maestas, 124 Wn. App. 352, 357, 101 P.3d 426 (2004).

[11] RCW 9.94A.633(2)(d).

punishment.[12] The court does not add extra time to the original sentence when it revokes a SSOSA since the offender's original sentence is reinstated. Second, the trial court considered Wheeler's earlier SSOSA violations in determining whether to revoke his SSOSA and not in determining whether he committed the alleged new SSOSA violation. This is the same function that sentencing enhancements accomplish by considering criminal history for sentencing purposes, but not for determining guilt. So, the trial court did not "effectively [punish] Wheeler twice for prior violations," as he claims it did, but merely considered those earlier violations in assessing whether to revoke his SSOSA or impose a lessor sanction.

Wheeler's argument would require a court to always treat an offender as a first time offender regardless of the offender's history. The U.S. Supreme Court has already rejected the claim that harsher penalties imposed as a result of a prior conviction violate double jeopardy protections.[13] In McDonald v. Commonwealth of Massachusetts,[14] the court held that a prior conviction enhancement did not constitute a second punishment for the earlier offense, but rather the existence of the former conviction amplified the seriousness of the current offense thus justifying a more extreme sentence.[15]

Here too, the previous violations enhance the seriousness of the current violations thus supporting a SSOSA revocation. But, the revocation is not a second punishment. Double jeopardy rights do not prohibit courts from considering criminal history for purposes of deciding an appropriate sentence or imposing sentencing

---

[12] In re Albrecht, 147 Wn.2d 1, 13, 51 P.3d 73 (2002).
[13] McDonald v. Commonwealth of Massachusetts, 180 U.S. 311, 21 S. Ct. 389, 45 L. Ed. 542 (1901).
[14] 180 U.S. at 311.
[15] Commonwealth of Massachusetts, 180 U.S. at 312; Chenowith v. Commonwealth, 12 S.W. 585, 11 Ky. L. Rptr. 561 (1889).

enhancements, because that does not penalize the offender for that same earlier crime twice. Instead, this consideration treats a repeat offense more seriously than a first offense with a more serious penalty. Similarly, double jeopardy does not apply here either.

Wheeler claims that we cannot analogize a SSOSA revocation to a sentencing enhancement because "there is no corresponding legislative intent to allow for revocation of a SSOSA based on previously sanctioned violations." But, the SSOSA statute does show a legislative intent that a court consider an offender's history. To be eligible for a SSOSA, the offender must have "no prior convictions."[16] If the court must consider an offender's conviction history before imposing a SSOSA, then it logically follows that the court can consider the offender's conduct history after receiving a SSOSA, including violations, when deciding whether to revoke a SSOSA. Also, prohibiting courts from considering earlier condition violations would frustrate the legislature's effort with the SSOSA statute to both protect children and promote rehabilitation.[17]

Wheeler also claims the two statutes authorizing punishment for condition violations suggest a legislative intent to prohibit sentencing courts from considering earlier violations when considering a SSOSA revocation, because the statutes offer "two mutually exclusive options when an individual violates" a SSOSA. He explains how if the court chooses to confine an offender but later revokes the SSOSA, the offender receives credit for confinement time. "In other words, the sanction is served and the punishment is final." But, "[n]either the history of sentencing practices, nor the pertinent

---

[16] RCW 9.94A.670(2)(b).
[17] State v. Flowers, 154 Wn. App. 462, 466, 225 P.3d 476 (2010).

rulings of [the] [Supreme] Court, nor even considerations of double jeopardy policy support the proposition that a criminal sentence, once pronounced, is to be accorded constitutional finality similar to that which attaches to jury's verdict of acquittal."[18]  And again, under Wheeler's reasoning, double jeopardy would prohibit courts from considering earlier convictions for sentence enhancements, because there too the offender has served the sanction and the punishment is final.  But, because sentence enhancements do not violate double jeopardy, Wheeler's claim fails.

Wheeler relies on State v. Buckley,[19] where the court punished a juvenile for the same offense during two separate court proceedings that resulted in two separate punishments.  But here, the court did not punish Wheeler in two separate proceedings for the same past violation.  The court merely considered the earlier condition violations in determining whether to revoke his SOSSA and reinstated his original sentence.  Because the court did not punish Wheeler twice, Buckley does not support his position.

Consideration of earlier condition violations for SSOSA revocations not only withstands a double jeopardy challenge, but it is logical and fair.  The logic lies in the "attempt to deter repeated criminal activity, while the fairness is obvious in the notion that a recidivist should receive a stiffer sentence than a first-time offender."[20]  We hold the trial court properly considered Wheeler's earlier condition violations when determining whether to revoke his SSOSA.

---

[18] U.S. v. DiFrancesco, 449 U.S. 117, 101 S. Ct. 426, 66 L. Ed. 2d 328 (1980).
[19] 83 Wn. App. 707, 924 P.2d 40 (1996).
[20] Com. v. Arriaga, 422 Pa. Super. 52, 56, 618 A.2d 1011 (1993).

Credit for Time Served

Wheeler next claims, and the State concedes, that he should receive credit for the time served on work crew during his SSOSA.

RCW 9.94A.670(11) requires that "[a]ll confinement time served during the period of community custody shall be credited to the offender if the suspended sentence is revoked." "Confinement" includes both partial and total confinement.[21] Partial confinement includes work crew.[22]

The court sanctioned Wheeler for prior SSOSA violations and ordered him to serve on work crew multiple times. The sentencing court gave him credit for all jail time in the SSOSA revocation but omitted credit for work crew. We remand for the sentencing court to credit work crew time in the order.

CONCLUSION

We affirm in part and remand in part. Wheeler fails to show that double jeopardy prohibited the trial court from considering earlier condition violations when determining whether to revoke his SSOSA. But, because the SSOSA statute requires a credit for confinement, and confinement includes work crew service, and Wheeler's sentence did not provide credit for work crew service, we remand to the trial court to correct this omission.

_Leach, J._

WE CONCUR:

_Bremm, J_        _Appelwick, J._

---

[21] RCW 9.94A.030(8).
[22] RCW 9.94A.030(36).