# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>MUHAMMED TILLISY,<br><br>                     Petitioner. | DIVISION ONE<br><br>No. 81329-3-I<br><br>UNPUBLISHED OPINION |

DWYER, J. — Petitioner Muhammed Tillisy, an inmate at Monroe Correctional Complex, filed a personal restraint petition claiming that his conditions of confinement violate article I, section 14 of the Washington Constitution and the Eighth Amendment to the United States Constitution. This is so, he asserts, because of the risk of harm he faces from exposure to COVID-19. Because Tillisy has since been vaccinated against COVID-19, the risk of harm that Tillisy faces from COVID-19 has been virtually eliminated. Accordingly, we deny his petition as moot.

I

Muhammed Tillisy is serving a 49 month sentence for identify theft, forgery, and unlawful production of a payment instrument. Tillisy suffers from intracranial hypertension, which has required significant medical attention and

has caused him to go blind in one eye. Tillisy also has high blood pressure. Tillisy's body mass index is higher than 30, which places him at increased risk for serious illness from COVID-19. See Underlying Medical Conditions Associated with High Risk Severe COVID-19: Information for Healthcare Providers, CTRS. FOR DISEASE CONTROL & PREVENTION (May 13, 2021), https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html [https://perma.cc/TA4N-4GWB].

On April 2, 2020, shortly after the COVID-19 pandemic began, while Tillisy was being held at the Stafford Creek Corrections Center, he filed an "Emergency Petition for Writ of Habeas Corpus" in the Supreme Court. The Supreme Court designated the petition as a personal restraint petition, and transferred it to this court pursuant to RAP 16.5. In December 2020, our acting chief judge referred the petition to a panel for a determination of its merits, reasoning that Tillisy's claims regarding the Department of Corrections' management of Tillisy's medical conditions and risk of COVID-19 exposure were not frivolous. In the same order, counsel was appointed to represent Tillisy.

Since Tillisy's initial petition, he has been moved to the Monroe Correctional Complex. He received a first dose of the Moderna vaccine on April 20, 2021, and a second dose on June 18, 2021.

II

Tillisy challenges only the conditions of his confinement, contending that, given his personal medical history, the risk of harm that he faces from exposure

to COVID-19 while incarcerated violates article I, section 14 of the Washington Constitution and the Eighth Amendment to the United States Constitution.

Tillisy's circumstances have changed substantially in the time since his petition was initially filed. Most significantly, he has been vaccinated against COVID-19, reducing his risk of contracting COVID-19 by 94.1 percent.[1] Indeed, had the staff at Monroe Correctional Complex not offered vaccination to Tillisy, that would have been the most likely remedy to which he would have been entitled. But he has been vaccinated.

Accordingly, Tillisy's petition is now moot. We will not consider a moot issue, unless it concerns a matter of continuing and substantial public interest. In re Pers. Restraint of Silas, 135 Wn. App. 564, 568, 145 P.3d 1219 (2006). The only such issue here, whether article I, section 14 of our state constitution provides broader protection than the Eighth Amendment, has recently been determined by our Supreme Court and is therefore no longer in need of resolution. Order, No. 99344-1, In re Pers. Restraint Petition of Robert Rufus Williams, (Wash. Mar. 12. 2021) (declaring that article I, section 14 of the Washington State Constitution provides more protection than the Eighth Amendment to the United States Constitution).[2]

Tillisy has been vaccinated—a state of the art response to the dangers of COVID-19. The primary legal issue raised in his petition has been decided by our Supreme Court. We deny his petition as moot.

---

[1] Moderna COVID-19 Vaccine Overview and Safety, CTRS. FOR DISEASE CONTROL & PREVENTION (June 11, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Moderna.html [https://perma.cc/36HE-ADFE].

[2] An opinion explaining the Supreme Court's reasoning is forthcoming.

_Dwyer, J._

WE CONCUR:

_Chun, J._     _Smith, J._

4