# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the<br>Personal Restraint Petition of<br><br>DAVID A. TROUPE,<br><br>                        Petitioner. | No.  50657-2-II<br><br><br><br>PUBLISHED OPINION |

JOHANSON, J.  —  Under RCW 4.24.430, this court must deny an inmate's request to waive filing fees in any civil action or appeal against the State where the inmate has brought at least three prior actions that were dismissed because they were "frivolous or malicious" and where the action would not affect the duration of confinement.  The clerk of this court determined that this statute applied to David A. Troupe's May 15, 2017 personal restraint petition (PRP) and ruled that the PRP would be dismissed unless Troupe paid a $250 filing fee.

Troupe seeks to modify our court clerk's ruling on the basis that our court clerk violated his due process rights and that RCW 4.24.430 violates equal protection.  We hold that although RCW 4.24.430 is not unconstitutionally vague, procedural due process required our court clerk's letter ruling to identify the prior actions that our court clerk relied on when he determined that the

statute applied. We also hold that Troupe's equal protection argument lacks merit. Accordingly, we grant Troupe's motion to modify our court clerk's ruling. We direct our court clerk to reissue his ruling and to specifically identify the strikes upon which he relies to require Troupe to pay a filing fee.

FACTS

On May 15, 2017, Troupe filed a PRP in this court, alleging that the Department of Corrections (DOC) prevented him from receiving his mail in violation of his constitutional rights. Troupe also submitted a statement of finances and requested waiver of the $250 filing fee.

Our court clerk informed Troupe by letter ruling that "[u]nder *In re Personal Restraint of Troupe*, 194 Wn. App. 701[, 378 P.3d 239] (2016)[, *review denied*, 188 Wn.2d 1002 (2017)] and RCW 4.24.430" Troupe had to pay the $250 filing fee within 30 days of the letter ruling or face dismissal of his petition. Letter Ruling, *Troupe*, No. 50657-2-II (Wash. Ct. App. June 28, 2017). Troupe then filed a "Motion To Waive Fi[l]ing Fee," requesting to modify our clerk's ruling by waiving the filing fee and to have counsel appointed. We appointed counsel for Troupe, ordered supplemental briefing, and set the matter for oral argument.

Previously, in 2015, Troupe had filed another PRP challenging conditions of his confinement and obtained a fee waiver. *Troupe*, 194 Wn. App. at 703. After a commissioner of this court denied the State's motion to revoke the fee waiver, the State filed a motion to modify the commissioner's ruling. *Troupe*, 194 Wn. App. at 703. Holding that RCW 4.24.430 is valid and applies to PRPs, we granted the State's motion and ordered Troupe to pay his filing fee before we would consider his PRP's merits. *Troupe*, 194 Wn. App. at 708.

No. 50657-2-II

ANALYSIS

The merits of Troupe's PRP alleging that DOC violated his constitutional rights regarding his mail are not before us. Rather, Troupe raises constitutional challenges to RCW 4.24.430 and our court clerk's letter ruling denying his motion to waive the filing fee.

I. STANDARD OF REVIEW AND RCW 4.24.430

We review questions of constitutional law, such as a statute's constitutionality, de novo. *State v. Murray*, __ Wn.2d __, 416 P.3d 1225, 1227 (2018). We presume that a statute is constitutional, and the challenging party bears the burden to prove that the statute is unconstitutional beyond a reasonable doubt. *State v. Sullivan*, 143 Wn.2d 162, 180, 19 P.3d 1012 (2001).

We may waive a PRP petitioner's statutory filing fee and allow the petitioner to proceed *in forma pauperis* if the petitioner sets forth by affidavit his inability to pay the fee and the proceeding is brought in good faith. RCW 7.36.250; RAP 16.8. However,

> [i]f a person serving a criminal sentence . . . seeks leave to proceed in state court without payment of filing fees in any civil action or appeal against the state, . . . except an action that, if successful, would affect the duration of the person's confinement, the court shall deny the request for waiver of the court filing fees if the person has, on three or more occasions while incarcerated or detained in any such facility, *brought an action or appeal that was dismissed by a state or federal court on grounds that it was frivolous or malicious.* One of the three previous dismissals must have involved an action or appeal commenced after July 22, 2011.

RCW 4.24.430 (emphasis added).[1]

---

[1] RCW 4.24.430 is based on the federal Prison Litigation Reform Act (PLRA) of 1995, 28 U.S.C. § 1915(g). *Troupe*, 194 Wn. App. at 703.

## II. DUE PROCESS

### A. VOID FOR VAGUENESS

First, Troupe argues that RCW 4.24.430's "frivolous or malicious" and "an action or appeal" language is unconstitutionally vague as applied to him under the Fifth and Fourteenth Amendments to the United States Constitution.[2]  The State disputes Troupe's arguments and also contends that the void-for-vagueness doctrine does not apply to RCW 4.24.430.  We hold that RCW 4.24.430 is subject to a void-for-vagueness challenge but that Troupe's as-applied void-for-vagueness arguments fail.

### 1. PRINCIPLES OF LAW: VOID FOR VAGUENESS

"A statute is unconstitutionally vague if (1) 'it fails to define the offense with sufficient precision that a person of ordinary intelligence can understand it,' ["the definiteness requirement"] or (2) 'it does not provide standards sufficiently specific to prevent arbitrary enforcement ["the enforcement requirement"].'"  *Murray*, 416 P.3d at 1229 (internal quotation marks omitted) (quoting *State v. Duncalf*, 177 Wn.2d 289, 296-97, 300 P.3d 352 (2013)).

Under the definiteness requirement, "a statute is not sufficiently definite if it is framed in terms so vague that persons of 'common intelligence' must necessarily guess at its meaning and differ as to its application."  *Sullivan*, 143 Wn.2d at 182 (quoting *City of Spokane v. Douglass*, 115 Wn.2d 171, 179, 795 P.2d 693 (1990)).  In examining a statute, we look to the entire enactment's context.  *City of Spokane*, 115 Wn.2d at 180.  A statute is not unconstitutionally vague merely

---

[2] Troupe also cites to the Washington Constitution, article I, § 3, but makes no independent argument under that provision.  Thus, we do not reach any claim under the state constitution.  *State v. Brett*, 126 Wn.2d 136, 181, 892 P.2d 29 (1995).

because it fails to define some terms; we attribute to those terms their plain and ordinary dictionary definitions. *City of Spokane*, 115 Wn.2d at 180; *Murray*, 416 P.3d at 1229. And "[i]f a statute can be interpreted so as to have as a whole the required degree of specificity, then it can withstand a vagueness challenge despite its use of a term which, when considered in isolation, has no determinate meaning." *Haley v. Med. Disciplinary Bd.*, 117 Wn.2d 720, 741, 818 P.2d 1062 (1991).

Under the enforcement requirement, the due process clause forbids statutes that contain no standards and allow the decision-maker to subjectively decide what conduct the statute proscribes. *City of Spokane*, 115 Wn.2d at 181. The question is whether the terms are "'inherently subjective in the context in which they are used.'" *City of Spokane*, 115 Wn.2d at 181 (quoting *State v. Worrell*, 111 Wn.2d 537, 544, 761 P.2d 56 (1988)). Merely because a statute invites a subjective evaluation to determine whether it has been violated does not make the statute unconstitutional; the statute must invite an inordinate amount of discretion. *City of Spokane*, 115 Wn.2d at 181.

When evaluating a void-for-vagueness challenge, we must determine whether the challenged statute involves First Amendment rights. *Sullivan*, 143 Wn.2d at 184. Unless the challenge implicates First Amendment interests, we evaluate the statute for vagueness "'as applied' in light of the particular facts of the case." *Sullivan*, 143 Wn.2d at 184 (quoting *State v. Halstien*, 122 Wn.2d 109, 117, 857 P.2d 270 (1993)).

2.      THRESHOLD ISSUE:  APPLICABILITY OF VOID-FOR-VAGUENESS ANALYSIS

As a threshold issue, the State argues that RCW 4.24.430 is not subject to a void-for-vagueness challenge. We disagree.

Void-for-vagueness challenges may be brought against statutes that deprive one of a protected liberty or property[3] interest within the meaning of procedural due process. *See Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976); *Seven Gables Corp. v. MGM/UA Entm't Co.*, 106 Wn.2d 1, 11, 721 P.2d 1 (1986). For procedural due process purposes, protected liberty interests include interests guaranteed by the United States Constitution. *In re Pers. Restraint of McCarthy*, 161 Wn.2d 234, 240, 164 P.3d 1283 (2007). Thus, void-for-vagueness challenges may be brought against civil or criminal statutes, depending on the interests implicated.[4] *See Boutilier v. Immigration & Naturalization Servs.*, 387 U.S. 118, 123, 87 S. Ct. 1563, 18 L. Ed. 2d 661 (1967), *cited in In re Det. of Danforth*, 173 Wn.2d 59, 72, 264 P.3d 783 (2011).

The federal Supreme Court has explained that void for vagueness applies even where state action only indirectly threatens to inhibit a constitutionally derived right:

> The degree of vagueness that the [U.S.] Constitution tolerates—as well as the relative importance of fair notice and fair enforcement—depends in part on the nature of the enactment. . . .

---

[3] Although the statute requires Troupe to pay a filing fee, this is not a "property" deprivation. Troupe does not have a right to have the filing fee waived; rather, courts have the inherent power to waive court fees where justice so requires. *Troupe*, 194 Wn. App. at 704. Thus, by making the filing fee mandatory for certain inmates, RCW 4.24.430 does not deprive Troupe of a property interest within the meaning of due process. Neither does the statute involve a threatened deprivation of Troupe's "liberty" in the sense of his freedom from confinement. Necessarily, RCW 4.24.430 does not apply to actions affecting the length of confinement. However, as explained in this section, RCW 4.24.430 does concern Troupe's liberty interests insofar as it requires dismissal of his PRP, which seeks to vindicate constitutionally protected interests.

[4] Our Supreme Court has applied void-for-vagueness analysis to challenges raised against civil statutes as well. *See Hi-Starr, Inc. v. Liquor Control Bd.*, 106 Wn.2d 455, 465, 722 P.2d 808 (1986) (regulatory statutes prohibiting certain types of conduct and imposing sanctions for violation of their standards); *Seattle-King County Council of Camp Fire v. Dep't of Revenue*, 105 Wn.2d 55, 57, 62, 711 P.2d 300 (1985) (tax statute providing that an exemption no longer applied).

> *. . . [P]erhaps the most important factor affecting the clarity that the Constitution demands of a law is whether it threatens to inhibit the exercise of constitutionally protected rights.*

*Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498-99, 102 S. Ct. 1186, 71 L. Ed. 2d 362 (1982) (emphasis added).

Here, Troupe filed his PRP to vindicate constitutional rights allegedly violated by the conditions of his confinement. Indeed, PRPs are routinely brought by inmates to challenge the conditions of their confinement as violating various constitutional rights. *See, e.g.*, *In re Pers. Restraint of Arseneau*, 98 Wn. App. 368, 371-72, 989 P.2d 1197 (1999) (holding RAP 16.4(c)(6) allows PRPs challenging the conditions of incarceration). Constitutional rights give rise to protected liberty interests. *McCarthy*, 161 Wn.2d at 240. Thus, to the extent that RCW 4.24.430 applies to PRPs such as Troupe's that challenge confinement conditions as violating constitutional rights, imposition of a mandatory filing fee on petitioners unable to pay the fee indirectly implicates their liberty interests. And even a statute that only indirectly affects the exercise of constitutionally protected rights is subject to a void-for-vagueness challenge. *Village of Hoffman Estates*, 455 U.S. at 498. Thus, Troupe may bring a void-for-vagueness challenge against RCW 4.24.430.

Further, the State relies upon a case in which Division One of this court analyzed a void-for-vagueness challenge brought against a civil attorney fee statute, RCW 4.84.185. *Rhinehart v. Seattle Times*, 59 Wn. App. 332, 798 P.2d 1155 (1990), *cited in* Dep't of Corrections' Resp. to Pet'r's Mot. to Modify, at 11. Citing case law about criminal statutes and void-for-vagueness challenges, the *Rhinehart* court rejected a challenge that the term "frivolity" in RCW 4.84.185 was void for vagueness. 59 Wn. App. at 340 (citing *Worrell*, 111 Wn.2d at 544). If RCW 4.84.185,

which allows a judge to levy attorney fees on a nonprevailing party who advanced frivolous claims, is subject to a void-for-vagueness challenge, then RCW 4.24.430, prohibiting waiver of a filing fee for certain petitioner-inmates, is also subject to void-for-vagueness challenges.

For these reasons, we hold that RCW 4.24.430 is subject to a void-for-vagueness challenge.

3.     AS-APPLIED CHALLENGE

Troupe neither argues that RCW 4.24.430 involves First Amendment rights nor disputes the State's characterization of his challenge as an "as-applied" challenge.  Because RCW 4.24.430 does not directly involve First Amendment rights, Troupe's argument is properly evaluated as an "as-applied" challenge.  *See Sullivan*, 143 Wn.2d at 184.  We consider Troupe's void-for-vagueness arguments in light of the particular facts of his case.

4.     "FRIVOLOUS OR MALICIOUS":  DEFINITENESS REQUIREMENT MET

The parties dispute whether under the definiteness requirement, the words "frivolous" and "malicious" are terms with such vague definitions that persons of common intelligence would guess at their meanings and differ in their applications.  But the parties overlook the context of the phrase "frivolous or malicious" in RCW 4.24.430 and that context provides the necessary clarity.

For RCW 4.24.430's purposes, it is only a prior action or appeal "that was dismissed by a state or federal court *on grounds that* it was frivolous or malicious" that qualifies to be counted against the petitioner as a "strike."[5]  (Emphasis added.)  A "grounds" in the sense used in RCW 4.24.430 is a "foundation or basis on which knowledge, belief, or conviction rests" and a "premise, reason, or collection of data upon which something . . . is made to rely for cogency or validity."

---

[5] We adopt the parties' use of "strike" for a qualifying dismissal under RCW 4.24.430.

WEBSTER'S THIRD NEW INT'L DICTIONARY 1002 (2002). Accordingly, RCW 4.24.430's plain language applies to those prior actions where a court dismissed the action because it was frivolous or malicious. RCW 4.24.430 requires us to look to the reason for a prior dismissal, not to make our own independent determination of the prior action's merits.

Troupe does not dispute that on four occasions, a federal or state court has dismissed an action filed by Troupe and has included in its dismissal order an express ruling that the action was "frivolous" or "malicious" under RCW 4.24.430 or its federal counterpart, 28 U.S.C. § 1915(g).[6] A person of common intelligence would know that based on the reason for the prior dismissal, each of these dismissals qualified as an action "that was dismissed by a state or federal court *on grounds that it was frivolous or malicious*." RCW 4.24.430 (emphasis added).

Even if a statute uses a term that when considered in isolation has no determinate meaning, the statute withstands a vagueness challenge if interpreted as a whole it has the required degree of specificity. *Haley*, 117 Wn.2d at 741. Here, reading "frivolous or malicious" in context and under the facts of this case, there is no question that RCW 4.24.430 applies to the four prior dismissals.

---

[6] Dep't of Corrections' Resp. to Pet'r's Mot. to Modify, Ex. 2 at 2, Order Granting Defendant's Motion to Dismiss and Finding per RCW 4.24.430, *David Troupe v. Amy Evensen*, No. 14-2-00038-4 (Walla Walla County Sup. Ct., May 12, 2014); Dep't of Corrections' Resp. to Pet'r's Mot. to Modify, Ex. 3 at 15, Report and Recommendation, *David Troupe v. Edward Woods, et al.*, No. 3:16-CV-05077-RBL-DWC (W.D. Wash. Feb. 16, 2017); *see also* Dep't of Corrections' Resp. to Pet'r's Mot. to Modify, Ex. 3, Order Adopting Report and Recommendation, *Troupe v. Woods*; Dep't of Corrections' Resp. to Pet'r's Mot. to Modify, Ex. 4 at 2, Order Adopting Report and Recommendation, *David Troupe v. William Swain, et al.*, No. 16-5380 RJB-DWC (W.D. Wash. June 5, 2017); Dep't of Corrections' Resp. to Pet'r's Mot. to Modify, Ex. 5 at 2, Order on Motion To Dismiss and Motion to Revoke *In Forma Pauperis* Status, *David Troupe v. Wash. Dep't of Corr.*, No. 16-2-04332-34 (Thurston County Sup. Ct. Feb. 10, 2017).

Thus, as applied to Troupe, RCW 4.24.430's "frivolous or malicious" language meets the definiteness requirement.[7]

5.      "FRIVOLOUS OR MALICIOUS": ENFORCEMENT REQUIREMENT MET

Troupe also argues that the "frivolous or malicious" language fails to meet the enforcement requirement. That is, he claims that the language is unconstitutionally vague because it provides no guidance to this court and thus relies on this court's subjective judgment about whether a prior action was "frivolous or malicious" within RCW 4.24.430's meaning. We disagree.

In Troupe's case, RCW 4.24.430's "frivolous or malicious" language did not require an inherently subjective determination by this court or invite an inordinate amount of discretion. *See City of Spokane*, 115 Wn.2d at 181. Rather, the statute provided an objective standard: whether the prior dismissals specified that the action was frivolous or malicious. Again, here, at least four of Troupe's prior dismissals specified that the action was "frivolous" or "malicious" under RCW 4.24.430 or its federal counterpart. Accordingly, we reject Troupe's argument.

6.      "AN ACTION OR APPEAL": DEFINITENESS REQUIREMENT MET

Troupe also briefly argues that the requirement that a qualifying dismissal be of "an action or appeal" failed to provide him with adequate notice that "dismissal of PRPs constituted a 'strike.'" Am. Mot. to Modify Ct. Clerk's Ruling Regarding Ct. Filing Fee at 12. He asserts that RCW 4.24.430 failed to inform him that a PRP was a "civil" action. Again, we disagree.

Regardless of whether the prior, dismissed action was criminal or civil, it counts as a strike under RCW 4.24.430, assuming it meets the other statutory requirements. RCW 4.24.430 does

---

[7] We do not reach the question of whether the statute is unconstitutionally vague if the prior dismissals do not specify that the action was "frivolous" or "malicious."

not say that this court only looks to whether a person brought "a *civil* action or appeal that was dismissed by a state or federal court." The plain language of the statute supports that any "action or appeal" could form the basis for a strike. Troupe's argument reads into the statute an additional requirement and then challenges whether that requirement is void for vagueness.

7.      CONCLUSION:  NOT VOID FOR VAGUENESS

Troupe fails to show that the "dismissed . . . on grounds that it was frivolous or malicious" provision of RCW 4.24.430 violates either the definiteness or enforcement requirements of the void-for-vagueness doctrine. And he fails to show that the "an action or appeal" provision violates the definiteness requirement. Accordingly, we hold that Troupe does not meet his burden to show beyond a reasonable doubt that RCW 4.24.430 is unconstitutionally vague.

B.  FAILURE TO IDENTIFY STRIKES

Troupe argues that our court clerk's letter ruling violated due process because it failed to specify the prior actions being counted as "strikes." The State responds that the issue is moot because the State provided prior dismissals that could qualify as strikes. Alternatively, the State asserts that procedural due process does not apply here. We hold that the issue is not moot, that procedural due process applies, and that it was error for our court clerk's ruling not to specify the prior dismissals that counted as strikes.

1.      MOOTNESS

As a threshold issue, the State argues that the procedural due process issue is moot because the State has now provided Troupe with copies of potential strikes. We disagree.

11

"As a general rule, we do not consider questions that are moot." *State v. Hunley*, 175 Wn.2d 901, 907, 287 P.3d 584 (2012). "A case is technically moot if the court can no longer provide effective relief." *Hunley*, 175 Wn.2d at 907.

Troupe's argument is not moot. His request is to know which cases our court's clerk, not the State, relied upon as strikes so that he may have the opportunity to review and contest whether those strikes met the conditions set forth in RCW 4.24.430.

The State is incorrect that the letter ruling's citation to this court's opinion in Troupe's prior PRP, *Troupe*, 194 Wn. App. 701, sufficed to identify the strikes. That opinion did not list the prior actions counted as strikes when Troupe filed his 2015 PRP. *See Troupe*, 194 Wn. App. 701. Neither is the State's providing copies of prior actions that it thinks our court clerk relied upon an adequate substitute for the specific prior actions that our court clerk actually relied on in his letter ruling.

We can provide effective relief by requiring our court clerk to state the cases relied on as strikes in his letter ruling. Because we can provide effective relief, the issue is not moot.

2.      PROCEDURAL DUE PROCESS APPLIES AND REQUIRES SPECIFYING GROUNDS FOR RULING

Due process requires the fundamental fairness of governmental activity. *Clark v. Arizona*, 548 U.S. 735, 771, 126 S. Ct. 2709, 165 L. Ed. 2d 842 (2006). And a fundamental part of procedural due process is the right to be heard "'in a meaningful manner.'" *Downey v. Pierce County*, 165 Wn. App. 152, 165, 267 P.3d 445 (2011) (internal quotation marks omitted) (quoting *Mathews*, 424 U.S. at 333).

Protected liberty interests for procedural due process purposes include constitutionally guaranteed interests, and procedural due process applies when a statute threatens to inhibit the

exercise of a constitutionally protected right. *McCarthy*, 161 Wn.2d at 240; *Village of Hoffman Estates*, 455 U.S. at 499. "[O]nce it is determined that the Due Process Clause applies, 'the question remains what process is due.'" *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972)). When determining what procedural due process requires in a given situation, we look to the private interest affected, the risk of an erroneous deprivation of the interest, and the government's interest, including the function involved and fiscal and administrative burdens that the additional procedural requirement would entail. *Mathews*, 424 U.S. at 335.

Because a PRP is a vehicle by which petitioner-inmates may seek to vindicate fundamental constitutional rights, we hold that at least minimal procedural due process must be provided.[8] If a petitioner-inmate is unable to pay the filing fee and RCW 4.24.430 applies, the petitioner-inmate's PRP will be dismissed. Thus, the application of RCW 4.24.430 at least threatens the vindication of constitutionally protected rights when applied to a PRP arguing that the petitioner's constitutional rights were violated.

The procedure used bears a risk of erroneous deprivation. Without a clerk's ruling specifying the dismissals that qualify as strikes, a petitioner-inmate is unable to meaningfully

---

[8] The State relies on *Carson v. Johnson* for the proposition that RCW 4.24.430's federal counterpart, 28 U.S.C. §1915(g), does not implicate a protected liberty or property interest. 112 F.3d 818, 821 (5th Cir. 1997), *cited in* The Dep't of Corrections' Suppl. Br. at 5. But *Carson* is distinguishable because it did not discuss whether procedural due process applies when an inmate files a PRP arguing that his constitutional rights were violated and because the U.S. Supreme Court had already held that the request at issue did not implicate any protected liberty interest. 112 F.3d at 821.

challenge that ruling. RCW 4.24.430 contains multiple conditions precedent for a dismissal to qualify as a strike: it must have been brought while the petitioner-inmate was "incarcerated or detained" and it must have been dismissed "on grounds that it was frivolous or malicious." Additionally, at least one dismissal "must have involved an action or appeal commenced after July 22, 2011." RCW 4.24.430. Unless a court clerk's ruling specifies the qualifying strikes, a petitioner-inmate is left without the ability to meaningfully challenge whether a dismissal meets the criteria for counting as a strike.

Finally, the government's interest in not requiring a court clerk to specify the grounds for a determination that RCW 4.24.430 applies is minimal. To do so requires identifying only the dismissals counted as strikes and constitutes a minimal additional administrative burden.[9]

The State asserts that procedural due process was satisfied because it provided Troupe the prior actions that could have been counted as strikes. But as discussed above, we do not know which prior actions were actually relied upon by our court clerk, so this argument fails.

Consideration of the interests affected, the risk of erroneous deprivation, and the government's countervailing interests shows that a court clerk's letter ruling under RCW 4.24.430 should specify the dismissals counted as strikes. Indeed, failure to do so impairs the fundamental procedural due process guarantee of being heard in a meaningful manner. *See Downey*, 165 Wn. App. at 165. Further, this goes to the central concern of due process: the fundamental fairness of

---

[9] Troupe's briefing on this issue relies on procedural due process holdings about evidentiary burdens or sentencing court discretion. These cases are inapposite, and we do not rely upon them. *See Hunley*, 175 Wn.2d at 912; *State v. Manussier*, 129 Wn.2d 652, 681, 921 P.2d 473 (1996); *State v. Ford*, 137 Wn.2d 472, 481, 973 P.2d 452 (1999); *State v. Herzog*, 112 Wn.2d 419, 431-32, 771 P.2d 739 (1989).

the procedure. *Clark*, 548 U.S. at 771. We hold that procedural due process requires our court clerk's letter ruling to list the dismissals counted as strikes under RCW 4.24.430.

### III. EQUAL PROTECTION

Troupe argues that RCW 4.24.430 violates equal protection because it impermissibly treats petitioner-inmates "who possess a more sophisticated knowledge of court rules" differently than petitioner-inmates "who are less skilled or knowledgeable." Am. Mot. to Modify Ct. Clerk's Ruling Regarding Ct. Filing Fee at 14. We disagree.

The Fourteenth Amendment to the United States Constitution entitles citizens to equal protection. "Absent a fundamental right or suspect class, or an important right or semisuspect class," we apply rational basis scrutiny to a challenged statute. *State v. Hirschfelder*, 170 Wn.2d 536, 550, 242 P.3d 876 (2010). Prisoners are not a suspect class. *King County Dep't of Adult & Juvenile Det. v. Parmelee*, 162 Wn. App. 337, 359, 254 P.3d 927 (2011).

Under rational basis scrutiny, "state action does not violate the equal protection clause if there is a rational relationship between the classification and a legitimate state interest." *State v. Osman*, 157 Wn.2d 474, 486, 139 P.3d 334 (2006). Indeed, "the legislative classification will be upheld unless it rests on grounds wholly irrelevant to achievement of legitimate state objectives." *State v. Shawn P.*, 122 Wn.2d 553, 561, 859 P.2d 1220 (1993).

At the outset, Troupe argues that the statute differentiates among petitioner-inmates on the basis of legal sophistication. But the statute expressly differentiates among petitioner-inmates based on their history of bringing actions dismissed as frivolous or malicious, not on the basis of their legal sophistication. These distinctions may, but will not, necessarily correlate. For example, an action could be maliciously brought by a sophisticated litigant. Or conversely, an action

brought in federal court could be a "routine" dismissal for failure to exhaust remedies, yet not be designated "frivolous." *Green v. Young*, 454 F.3d 405, 409 (4th Cir. 2006) (holding routine dismissals on exhaustion grounds are not PLRA strikes). An unsophisticated litigant might face a routine dismissal for failure to exhaust remedies, but this dismissal would not necessarily qualify as a strike. Because "unsophisticated" petitioner-inmates may overlap with but do not necessarily correlate with petitioner-inmates with a history of filing frivolous or malicious actions, we reject Troupe's argument that the statute distinguishes among petitioner-inmates on the basis of legal sophistication.

Troupe does not argue that litigants with a history of frivolous or malicious dismissals are a suspect or semisuspect class; rather, he argues that RCW 4.24.430 fails rational basis scrutiny. And as a prisoner not claiming his classification violates a fundamental right, rational basis review applies to Troupe. *King County Dep't of Adult & Juvenile Det.*, 162 Wn. App. at 359. Accordingly, we review whether there is a legitimate state objective that has a rational relationship to the classification at issue.

The text and legislative history of RCW 4.24.430 show that the legislature's intent when it enacted that statute was to conserve state resources and reduce abusive inmate litigation. The statute penalizes inmates who have a history of filing frivolous or malicious lawsuits by effectively preventing them from proceeding at public expense in state court. RCW 4.24.430. The act creating RCW 4.24.430 was "AN ACT Relating to restrictions on legal claims initiated by persons serving criminal sentences in correctional facilities." SUBSTITUTE H.B. 1037, at 1, 62nd Leg., Reg. Sess. (Wash. 2011). Thus, the text of the statute and enacting legislation show that RCW 4.24.430's purpose is to restrict frivolous or malicious inmate litigation by financially penalizing inmates.

The legislative history for RCW 4.24.430 includes supporters' public hearing testimony regarding the bill. This testimony included that as a result of the passage of the PLRA, 28 U.S.C. § 1915(g), state courts had been flooded by inmate litigation because inmates with a history of abusive litigation could bring actions at public expense in state, but not federal, court. Hr'g on Substitute H.B. 1037 Before the House Appropriations Subcomm. on Gen. Gov't at 34:38-54, 38:34-55, 62nd Leg., Reg. Sess. (Wash. Feb. 10, 2011).[10] The purpose was to limit the use of public funding, in the form of court fee waivers, to fund abusive inmate litigation, including litigation by inmates with a history of filing frivolous or malicious cases. Hr'g on Substitute H.B. 1037 at 33:25-46. Thus, the legislative history supports that RCW 4.24.430's purposes are to conserve state resources and deter abusive inmate litigation.

Curtailing abusive inmate litigation and conserving financial resources are legitimate state objectives. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 318 (3d Cir. 2001) (deterring frivolous prisoner filings is a legitimate state interest); *King County Dep't of Adult & Juvenile Det.*, 162 Wn. App. at 360 (preserving state resources is a legitimate state interest). And fiscally penalizing petitioner-inmates who have a history of filing frivolous or malicious actions is rationally related to both objectives. For these reasons, RCW 4.24.430 survives rational basis review, and Troupe's equal protection argument fails.

---

[10] *Video recording by* TVW, Washington State's Public Affairs Network, *available at* https://www.tvw.org/watch/?eventID=2011021225.

No. 50657-2-II

## IV. CONCLUSION

Accordingly, we grant the motion to modify our court clerk's letter ruling. We direct our court clerk to reissue his ruling and to specifically identify the strikes upon which he relies to require Troupe to pay a filing fee.

JOHANSON, J.

We concur:

MAXA, C.J.

SUTTON, J.