# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53294-8-II |
| Respondent, | |
| v. | |
| JOSHUA DEAN ROUSE, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Joshua Rouse appeals his conviction and sentence for felony violation of a no contact order. After his jury trial conviction, Rouse requested a drug offender sentencing alternative (DOSA), but the trial court declined and instead sentenced him to a standard range sentence.

On appeal, Rouse argues that his trial counsel was ineffective for failing to move to redact the prior no contact order that was admitted into evidence, and that the DOSA statute is unconstitutionally vague and violates due process. In a Statement of Additional Grounds (SAG) for Review, Rouse argues there was insufficient evidence to convict because of discrepancies in eyewitness testimony.

We hold that Rouse did not receive ineffective assistance of counsel. We further hold that the DOSA statute is not unconstitutionally vague and does not create a constitutionally protected liberty interest. Finally, we hold that there was sufficient evidence to determine the jury could have found the State proved each element to convict beyond a reasonable doubt. Thus, we affirm.

FACTS

Beginning in December 2017, Rouse was subject to a post-conviction no contact order that prohibited him from coming within 500 feet of Megan Hopson or her residence. Rouse was previously convicted of no contact order violations in December 2017. The no contact order was titled "Domestic Violence No Contact Order," and ordered Rouse to surrender all firearms. Ex. 3. The order stated that the order was needed to "prevent possible recurrence of violence." Ex. 3.

In November 2018, Megan Hopson's neighbor called 911 to report that she had seen a man, later identified as Rouse, wearing khakis and a red backpack coming from Hopson's lawn. The neighbor also told the operator the man had tattoos on his arms. The neighbor saw Rouse come from the direction of Hopson's house, and saw that one of Hopson's windows was open with the blinds mangled. Police apprehended Rouse a short distance away and brought the neighbor to the arrest scene. Rouse admitted to being in the area to see Hopson. The neighbor identified him as the same man who crossed her lawn. Rouse had no tattoos on his arms.

The State charged Rouse with residential burglary—domestic violence, and felony violation of a no contact order—domestic violence. At trial, the jury heard testimony consistent with the facts above. Also, the trial court admitted into evidence an unredacted copy of Rouse's December 2017 no contact order. Rouse's counsel did not object.

The jury found Rouse not guilty of burglary, but found him guilty of one count of violation of a no contact order—domestic violence. At the sentencing hearing, Rouse requested a DOSA sentence. The State filed a sentencing memorandum, arguing against a DOSA sentence. The State's memorandum included information that Rouse had previously received a

DOSA sentence. Before imposing the sentence, the trial court noted that it had reviewed Rouse's criminal history. The trial court denied Rouse's request stating, "Based on all of the factors that have been put forth to me, though, I don't think the [DOSA] is appropriate." Verbatim Report of Proceedings (Feb. 20, 2019) at 25. The court imposed a standard range sentence of 48 months' confinement plus community supervision. Rouse appeals.

## ANALYSIS

### I. INEFFECTIVE ASSISTANCE OF COUNSEL

Rouse argues that he received ineffective assistance from his trial counsel because counsel did not request redaction of—or object to admission of—the prior no contact order. We disagree.

A claim of ineffective assistance of counsel presents a mixed question of fact and law that this court reviews de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). For Rouse to demonstrate ineffective assistance of counsel, he must show that (1) defense counsel's performance was deficient, and (2) that the deficient performance resulted in prejudice to the defendant. *State v. Linville*, 191 Wn.2d 513, 524, 423 P.3d 842 (2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). We may deem counsel's performance deficient if it is not objectively reasonable. *State v. Estes*, 188 Wn.2d 450, 458, 395 P.3d 1045 (2017). Prejudice results if the outcome of the trial below would have been different if counsel had not performed deficiently. *Estes*, 188 Wn.2d at 458. This court strongly presumes counsel's performance was effective. *State v. Emery*, 174 Wn.2d 741, 755, 278 P.3d 653 (2012). The failure to demonstrate either prong ends our enquiry. *State v. Classen*, 4 Wn. App. 2d 520, 535, 422 P.3d 489 (2018).

Rouse cannot show that the outcome below would have been different had the no contact order been redacted. Accordingly, he cannot show prejudice. First, there was an abundance of evidence presented to the jury on the charge of violation of the no contact order. This evidence included the neighbor's eyewitness account, followed by a showup identification, and Rouse's admission to police officers that he was in the area of Hopson's house attempting to work on his relationship with her.

Second, there is nothing in the record to suggest the jury was so prejudiced that it did not "reasonably, conscientiously, and impartially" apply the law. *Strickland*, 466 U.S. at 695. Indeed, the jury's decision to acquit Rouse of the more serious burglary charge suggests that the jury did not have an emotional response to the evidence in the record. Because Rouse cannot show that defense counsel's failure to redact the no contact order resulted in prejudice, he cannot show ineffective assistance of counsel, and this claim fails.

## II. DOSA CONSTITUTIONAL CLAIMS

Rouse argues that he was improperly denied a DOSA because the DOSA statute, RCW 9.94A.660, is unconstitutionally vague. He further argues that because the DOSA statute does not require a trial court to state its reasons for denying a DOSA sentence, the statute violated his right to due process. We disagree on both counts.

A.      *Vagueness*

A trial court's decision whether to grant a DOSA is not generally reviewable. *State v. Lemke*, 7 Wn. App. 2d 23, 27, 434 P.3d 551 (2018). However, the imposition of a standard range sentence, instead of an alternative, may be challenged on constitutional grounds. *In re Pers. Restraint of Tricomo*, 13 Wn. App. 2d 223, 234-35, 463 P.3d 760 (2020). This court

reviews constitutional challenges *de novo*. *In re Pers. Restraint of Troupe*, 4 Wn. App. 2d 715, 721, 423 P.3d 878 (2018). We presume a statute's constitutionality, and the challenger bears the burden of proving the statute is unconstitutional beyond a reasonable doubt. *Troupe*, 4 Wn. App. 2d at 721.

A constitutional due process vagueness analysis contains two points. First, the criminal statute "must be specific enough that citizens have fair notice of what conduct is proscribed." *State v. Baldwin*, 150 Wn.2d 448, 458, 78 P.3d 1005 (2003). Second, the statute "must provide ascertainable standards of guilt to protect against arbitrary arrest and prosecution." *Baldwin*, 150 Wn.2d at 458. A statute that fails on both points is unconstitutionally vague.

In *Baldwin*, our Supreme Court analyzed a constitutional vagueness challenge to two sentencing guideline statutes in the Sentencing Reform Act (SRA) of 1981, chapter 9.94A. 150 Wn.2d at 458-49. On the first point, the court explained that "[s]entencing guidelines do not inform the public of the penalties attached to a criminal conduct nor do they vary the statutory maximum and minimum penalties assigned to illegal conduct by the legislature." *Baldwin*, 150 Wn.2d at 459. Second, the court noted that guideline statutes do not force citizens to guess at potential consequences of prosecution because the guidelines do not set the penalties. *Baldwin*, 150 Wn.2d at 459. As a result, the court held that "the due process considerations that underlie the void-for-vagueness doctrine have no application in the context of sentencing guidelines." *Baldwin*, 150 Wn.2d at 459.

The same logic applies here. Like the portions of the SRA at issue in *Baldwin*, the DOSA sentencing guidelines in RCW 9.94A.660 do not set the penalties for particular crimes. Instead, the DOSA guidelines at issue here lay out eligibility criteria for a trial court to decide

whether to impose a sentencing alternative. As a result, under *Baldwin*, a vagueness challenge to RCW 9.94A.660 fails.

Furthermore, Rouse's vagueness argument is self-defeating. Should the DOSA sections of the SRA be held void for vagueness, the sentencing alternative made available by the statute would be struck down. All that would remain would be the standard range sentence—just like the one imposed. The case could not be remanded for a prison based DOSA sentence as Rouse requests, because there would be no sentencing alternative. In either situation, Rouse's argument fails. Accordingly, we hold the DOSA statute is not unconstitutionally vague.

B.      *Due Process*

Rouse argues for the first time on appeal that the DOSA statute violates procedural due process because it does not require the trial court to articulate the basis for denying a DOSA sentence. We do not consider Rouse's procedural due process argument for the first time on appeal because the DOSA statute does not create a protected liberty interest, thus, this is not manifest constitutional error.

Generally, this court will not review a claim of error raised for the first time on appeal. RAP 2.5(a); *State v. A.M.*, 194 Wn.2d 33, 38, 448 P.3d 35 (2019). However, this general rule includes an exception when the claimed error is a manifest error affecting a constitutional right. *State v. Burns*, 193 Wn.2d 190, 207, 438 P.3d 1183 (2019). A party raising such an error must show that the error is manifest and "truly of constitutional dimension." *State v. O'Hara*, 167 Wn.2d 91, 98, 217 P.3d 756 (2009). We analyze the argument to determine if a constitutional interest is implicated. *O'Hara*, 167 Wn.2d at 98. "We do not assume the alleged error is of constitutional magnitude." *O'Hara*, 167 Wn.2d at 98.

Protected liberty or property interests generally arise either from the Due Process Clause or from a state-created statutory entitlement. *See Board of Regents v. Roth*, 408 U.S. 564, 576-77, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972) (plurality opinion). Our Supreme Court in *Baldwin* examined the due process implications of a sentencing guideline statute, and held that statutes granting a significant degree of discretion cannot create a liberty interest. 150 Wn.2d at 460. The court noted that the sentencing guidelines did "not specify that a particular sentence must be imposed." *Baldwin*, 150 Wn.2d at 461. The court then held that because the sentencing guideline statutes required no certain outcome, "the statutes create[d] no constitutionally protectable liberty interest." *Baldwin*, 150 Wn.2d at 461.

Here, Rouse cannot show that the alleged error is of constitutional magnitude. The DOSA statute here, like the statutes at issue in *Baldwin*, does not specify a particular sentence. RCW 9.94A.660; 150 Wn.2d at 461. As a result, the DOSA statute creates no constitutionally protected liberty interest. *Baldwin*, 150 Wn.2d at 461. Because Rouse has no constitutionally protected liberty interest in a DOSA sentence, he cannot demonstrate manifest constitutional error. RAP 2.5(a). Because there is no manifest constitutional error, this ends our inquiry.

III. STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

Rouse makes an additional claim in his SAG, arguing that the discrepancies in the eyewitness's testimony regarding tattoos creates a factual question regarding the accuracy of the witness's identification. This amounts to an argument that his conviction is not supported by sufficient evidence. We disagree.

When an appellant challenges the sufficiency of evidence, this court examines the record to determine if a "rational finder of fact could have found that the State proved each element

beyond a reasonable doubt." *State v. Farnsworth*, 185 Wn.2d 768, 775, 374 P.3d 1152 (2016) (plurality opinion). Upon this challenge, the appellant admits the truth of all the State's evidence. *Farnsworth*, 185 Wn.2d at 775; *State v. Homan*, 181 Wn.2d 102, 106, 330 P.3d 182 (2014). This court views the evidence in the light most favorable to the State, and draws reasonable inferences in the State's favor. *Farnsworth*, 185 Wn.2d at 775; *Homan*, 181 Wn.2d at 106. We consider circumstantial and direct evidence as equally reliable. *Farnsworth*, 185 Wn.2d at 775; *State v. Thomas*, 150 Wn.2d 821, 874, 83 P.3d 970 (2004).

The elements for conviction of felony violation of a no contact order, as noted in the jury instructions are (1) that at the time of the event, there existed a protection order applicable to the defendant; (2) that the defendant knew of the existence of this order; (3) that on or about said date, the defendant knowingly violated a provision of this order; (4) that the defendant has twice been previously convicted for violating the provisions of a court order; and (5) that the defendant's act occurred in the State of Washington. Rouse's argument challenges the third element.

Given that Rouse admits to the truth of the State's evidence, there was sufficient evidence for the jury to determine that Rouse knowingly violated the no contact order. Despite the discrepancy in the eyewitness's observations regarding tattoos, there is other evidence, both direct and circumstantial, for the jury to rely on. First, the neighbor saw Rouse coming from the direction of Hopson's open window. She confirmed at a showup that the person she saw was Rouse. She also identified Rouse in the courtroom as the person she saw cross her lawn. Finally, Rouse admitted to police to being in the area to see Hopson.

Viewing this evidence in the light most favorable to the State, and drawing reasonable inferences in the State's favor, this evidence is enough to determine that the jury could have found the State proved each element beyond a reasonable doubt. *Farnsworth*, 185 Wn.2d at 775. We therefore hold that the evidence was sufficient for conviction.

We hold that Rouse's counsel was not ineffective because there was no showing of prejudice affecting the jury's determination. We hold that the DOSA statute is not unconstitutionally vague and that it does not create a constitutionally protected liberty interest. Finally, we hold that sufficient evidence supports conviction. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, P.J.

_____
Melnick, J.

_____
Cruser, J.